**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MACCORMAC COLLEGE, INC., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PHILADELPHIA INDEMNITY INSURANCE | ) |
| COMPANY, | ) |
| Defendant. | ) |

FILED FED-7 APR 01 2004
FOR DOCKETING
04 MAR 31 AM 10: 58
U.S. DISTRICT COURT
CLERK

JUDGE MANNING

04C 2359

MAGISTRATE JUDGE DENLOW

## COMPLAINT AT LAW

Plaintiff, MacCormac College, Inc. (the "College"), complains of Defendant, Philadelphia Indemnity Insurance Company (the "Insurer"), as follows:

1.   At all times relevant hereto, the College was a not-for-profit corporation operating and existing under the laws of the State of Illinois, with its principal place of business located at 29 East Madison Street, Chicago, Illinois.

2.   At all times relevant hereto, the Insurer was a corporation operating and existing under the laws of the State of Pennsylvania, with its principal place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania, and which was authorized to underwrite and issue insurance policies in the State of Illinois.

3.   The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

4.   The Insurer issued a Directors & Officers Protection *Flexi* Plus Insurance Policy (the "D&O Policy"), Policy No. PHSD033425 for the policy period of July 30, 2002 to July 30, 2003. A copy of the D&O Policy is attached as Exhibit A.

5.    From March 11 through March 15, 2002, the United States Department of Education (the "Department"), conducted a survey review (the "Survey Review") of the College's participation in various federally funded programs, including the: (a) Federal Pell Grant; (b) Federal Supplemental Educational Opportunity Grant; (c) Federal Work-Study; (d) Federal Perkins Loan; and (e) Federal Family Education Loan programs (collectively referred to as the "Federal Programs").

6.    The Department's Survey Review was undertaken to assess whether the College had been, and was, in compliance with all applicable grants relating to the College's participation in the Federal Programs for the years 1999-2000, 2000-2001, and 2001-2002 (the "Review Period").

7.    On December 6, 2002, the Department issued its Program Review Report (the "Preliminary Findings"), in which the Department alleged that the College appeared to be liable to the Department and a holder of a Federal Stafford Loan promissory note for $634,207.00 due to the College's alleged failure to comply with all applicable contracts and grants relating to the College's participation the Federal Programs for the Review Period.    Specifically, the Department alleged that the College had appeared to have, among other things, improperly disbursed Federal Program funds to ineligible and/or non-qualifying students.

8.    On December 16, 2002, in accordance with the terms of the D&O Policy, the College provided notice of its demand to the Insurer for indemnity.    A copy of the Demand Letter is attached as Exhibit B.

9.    On June 23, 2003, the Department issued its Final Program Review Determination Letter (the "Final Review"), in which the Department again asserted that the College was liable to the Department and a holder of a Federal Stafford Loan promissory note

2

for $634,207.00 due to the College's alleged improper disbursements. A copy of the Final Review is attached as Exhibit C.

10. Thereafter, the Department initiated an administrative proceeding (the "Department's Claim"), entitled *In the Matter of MacCormac College*, Docket No. 03-79-SP, seeking to recover the allegedly improperly disbursed funds.

11. Subsequently, the Department and the College settled the Department's Claim, pursuant to which the College is obligated to reimburse $601,940.00 of Federal Program funds that the College administered during the Review Period. A copy of the Settlement Agreement is attached as Exhibit D.

12. The College obtained the D&O Policy and paid all premiums demanded by that policy in exchange for the indemnity provided (the "Coverage") by the D&O Policy for the benefit of the College and all other insureds named under that policy.

13. On July 30, 2003, the Insurer's counsel wrote a letter to the College advising the College that it did not believe that the policy provided Coverage against any losses arising under the Department's Claim. Specifically, the Insurer asserted that the loss suffered by the College as a result of the Department's Claim was not a "loss" as defined under the D&O Policy.

14. The College responded to the Insurer's counsel's letter, asserting that, under the plain language of the policy, the College's liability to the Department was a "loss" and, therefore, the College was entitled to Coverage for the Department's Claim.

15. The D&O Policy defines "loss" as:

> "Loss" shall mean money an "insured" is legally obligated to pay as damages or in settlement. But, loss shall not include:
>
> 1. Criminal or civil fines or penalties imposed by law; or
>
> 2. Taxes; or

3

3. Matters deemed uninsurable under the law to which this Policy shall be construed; or

4. Punitive or exemplary damages or the multiple portion of any damages award.

16. The D&O Policy also states that the Insurer "will pay on behalf of the insured any loss and defense cost, resulting from any claim made against the [College] during this policy period." D&O Policy, Section I.A.

17. The D&O Policy further provides that it "applies to loss and defense costs only if", among other things: (1) the claim results from the wrongful act of the [College] arising solely out of the operations of the [College]; and (2) the wrongful act occurs before or during this policy period. D&O Policy, Section I.B. Additionally, "wrongful act" is defined as an actual or alleged "error, omission, misstatement, misleading statement, or neglect or breach of duty." D&O Policy, Section II.L.

18. Under the plain language of the D&O Policy, the College's claim against the Insurer resulted from a "loss" suffered by the College by means of the claim of the College's alleged "wrongful acts". Moreover, the College's request for Coverage is not excluded under any of the terms of the D&O Policy, which had been drafted by the Insurer.

19. Accordingly, under the D&O Policy, the Insurer is obligated to provide Coverage to the College for the claim the College made to the Insurer relating to the College's liability to the Department under the Department's Claim.

20. The Insurer, however, in direct breach of the D&O Policy, has continued to deny Coverage to the College for the liability the College incurred as a result of the Department's Claim.

21.     Denial of Coverage was, and is, a breach of the D&O Policy between the College and the Insurer, which has resulted in a detriment to the College.

22.     As a result of the Insurer's unjustified failure to fully indemnify the College under the D&O Policy, the College has incurred liability in the amount of $601,940.00 and has had to incur substantial defense costs in resolving the Department's Claim.

23.     An actual controversy exists between the parties hereto as to interpretation of the D&O Policy.

24.     This Court has the power, pursuant to § 2-701 of the Illinois Code of Civil Procedure, 753 ILCS 5/2-701, to declare the rights and obligation of the parties hereto.

Wherefore, Plaintiff, MacCormac College, Inc. prays that this Court find and declare as follows:

A.      The Insurer has an obligation to fully accept the College's tender of indemnity, including coverage for all losses and defenses costs, relating to the losses and defense costs incurred by the College as a result of the Department's Claim.

B.      This Court grants such additional relief as it deems just and equitable.

                                    Respectfully Submitted,

                                    MacCormac College, Inc.


                                    By: _____
                                            One of Its Attorneys

Shayle P. Fox
James T. Mueller
Holland & Knight LLP
131 South Dearborn
30th Floor
Chicago, IL 60603
312/263-3600
Firm I.D. No. 37472

5

Ex. A



# Philadelphia Insurance Companies

One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004

### DIRECTORS & OFFICERS PROTECTION *FLEXI* PLUS INSURANCE POLICY

[X] Philadelphia Indemnity Insurance Company     [ ] Philadelphia Insurance Company

## DECLARATIONS

Policy Number: PHSD033425

**THIS IS A CLAIMS MADE POLICY, PLEASE READ THIS POLICY CAREFULLY**

THIS POLICY ONLY COVERS THOSE CLAIMS FIRST MADE AGAINST THE INSURED DURING THIS POLICY PERIOD.

THE LIMIT OF LIABILITY AVAILABLE TO PAY JUDGEMENTS OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS INCURRED FOR LEGAL DEFENSE. AMOUNTS INCURRED FOR LEGAL DEFENSE SHALL BE APPLIED AGAINST THE RETENTION AMOUNT.

**Item 1.** Parent Organization:     MACCORMAC COLLEGE, INC.

      Address:          615 N. WEST AVENUE
                        ELMHURST, IL 60126

**Item 2.** Policy Period:   From: 07/30/2002      To: 07/30/2003    (12:01 A.M. Standard Time)

**Item 3.** Limit of Liability:  $3,000,000
                  (Anti Trust Sub-Limit: $150,000, Section IV.C)

**Item 4.** Retention:  $2,500   Each Claim

**Item 5.** Premium:   $ 9,408.00

   Total:          $9,408.00

**Item 6.** Retroactive Date (If applicable): No Date Applies

**Item 7.** Endorsements Effective At Inception:

| | |
|---|---|
| PI-DO-15 (9/95) | Known Circumstances Revealed in the Application Exclusion  [Question Number: 26] [Application Date: 6/23/1999] |
| PI-DO-20 (9/95) | Professional Services Exclusion |
| PI-DO-54 (1/97) | Fiduciary Liability Endorsement  [P&P Litigation Date: 01/01/2002] |
| PI-DO-55 (1/97) | Defense Costs in Addition to the Limit of Liability |
| PI-DO-57 (7/97) | Modification of Exclusion J. |
| PI-DO-65 (7/99) | Employment Practices Liability Sub-Retention Endorsement [Sub-Retention: 50000] |
| PI-DO-98 (9/95) | Broad Form Employment Practice Liability |
| PI-DO-IL-1 (11/95) | Illinois Amendatory Endorsement |
| PI-DO-MANU-1 (1/00) | Manuscript Endorsement  [Manuscript Name: Punitive Damages Endorsement] |

**Exhibit A**

| Authorized Representative | Countersignature | Countersignature Date |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**KNOWN CIRCUMSTANCES REVEALED IN APPLICATION EXCLUSION**

In consideration of the premium paid, it is agreed that the Company shall not be liable to make any payment for "loss" or "defense cost" in connection with any "claim" made against the "insured" based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any matter, fact, or circumstance disclosed in connection with question 26 of the "application" dated 6/23/1999 and submitted on behalf of the "insured."

The referenced "application" is attached and made a part of this policy.

| | | |
|---|---|---|
| Company: | Philadelphia Indemnity Insurance Company | |
| Issued to: | MACCORMAC COLLEGE, INC. | |
| Effective on and after: | 07/30/2002 | |
| Policy #: | PHSD033425 | By: _____ |
| Expiration Date: | 07/30/2003 | Authorized Representative |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**PROFESSIONAL SERVICES EXCLUSION**

In consideration of the premium paid, it is hereby agreed that the Company shall not be liable to make any payment for "loss" or "defense cost" in connection with any "claim" made against the "Insured" based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:

1. The furnishing or failure to furnish professional services by an attorney, architect, engineer, accountant, real estate agent, financial consultant, securities dealer, veterinarian or insurance agent or broker.

2. The furnishing or failure to furnish professional services by an physician, dentist, psychologist, anesthesiologist, nurse, nurse anesthetist, nurse practitioner, nurse midwife, x-ray therapist, radiologist, chiropodist, chiropractor, optometrist or other medical or mental health professional.

3. A "professional incident" as defined herein. "Professional incident" means any actual or alleged negligent:
   a) act;
   b) error; or
   c) omission
   in the actual rendering of professional services to others, including counseling services, in your capacity as a social service organization. Professional services includes the furnishing of food, beverages, medications or appliances in connection therewith.

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## FIDUCIARY LIABILITY ENDORSEMENT

In consideration of the premium paid, it is understood and agreed that the Policy is amended as follows:

1.  Part 1. Insuring Agreement is amended by the addition of the following:
    D.  Fiduciary Liability
        The Company agrees with the "insured" that if, during the "policy period" or the Extension Period, any "claim" is first made against the "insured" for a "wrongful act" constituting a "breach of fiduciary duty" in the operation of any Employee Pension Benefit Plans listed below, the Company will reimburse the "insured" for all "loss" which the "insured" shall be legally obligated to pay.

    Listed Employee Pension Benefit Plan(s): 401(k) plan

    E.  The Company agrees with the "insured" that if, during the "policy period" or the Extension Period, any "claim" is first made against the "insured" for a "wrongful act" in the "administration" of any of the Company's Employee Welfare Benefit Plans as defined by the Employee Retirement Income Security Act of 1974, the Company will reimburse the "insured" for all "loss" which the "insured" shall be legally obligated to pay.

2.  For the purposes of coverage provided by this endorsement only, Part II, Definitions is amended by the addition of the following:
    M.  "Administration" shall mean giving counsel to employees of the "insured", interpreting and handling records in connection therewith, or effecting enrollment or cancellation of employees of the "insured" under any Plan or Plans.
    N.  "Breach of fiduciary duty" shall mean the violation of any of the responsibilities, obligations or duties imposed upon Fiduciaries by the Employee Retirement Income Security Act of 1974 and any adjustments thereto or common law or statutory law of any other jurisdiction governing such Employee Pension Benefit Plan but shall not include any willful violation of any statute set forth in the Employee Retirement Income Security Act of 1974 and amendments thereto, or the common law or statutory law of any other jurisdiction.

3.  For the purposes of the coverage provided by this endorsement only, Part II, Definitions F. is deleted and replaced with the following:
    F.  "Insured" shall mean:
        1.  the "organization", and
        2.  the Employee Pension Benefit Plans listed in Part 1. Insuring Agreements D. hereinabove, and
        3.  any Employee Welfare Benefit Plan as defined in the Employee Retirement Income Security Act of 1974, provided that such Employee Welfare Benefit Plan provided benefits or services only to Directors, Officers and/or employee of the "insured" and subject to the reporting requirements of Section VII. Notice/Claim Reporting Provisions, and
        4.  all persons who were, now are, or shall be Directors, Officers, and/or employees of the "insured" or any of the Employee Pension Benefit Plans listed in Part 1. Insuring Agreements D. hereinabove or any Employee Welfare Benefit Plan of the "insured" as defined in the Employee Retirement Income Security Act of 1974, subject to the reporting requirements of Section VII. Notice/Claim Reporting Provisions, and
        5.  any Employee Pension Benefit Plan created or acquired by the "insured" subsequent to the effective date of this endorsement, but only for "wrongful acts" constituting a "breach of fiduciary duty" committed or allegedly committed on or after the effective date of such creation or acquisition, provided that (1) written notice thereof be given to the Company within ninety (90) days of such creation or acquisition, and (2) premium adjustments and coverage revisions shall be effected as may be required by the Company.
4.  Part III. Exclusions F. and H. are deleted in their entirety.
5.  In addition to the Exclusions set forth in the Policy, the Company shall not be liable to make any payment for "loss" or "defense cost" in connection with any "claim" made against any "insured":
    A.  for failure to collect contributions owed to any Employee Pension Benefit Plan or any Employee Welfare Benefit Plan or for return of any contributions to any Employer if such amounts are or could be chargeable to any Employee Pension Benefit Plan or Employee Welfare Benefit Plan;
    B.  for benefits paid or payable to a participant or beneficiary of any Employee Welfare Benefit Plan if such benefits are paid or may be lawfully paid from funds of any Employee Pension Benefit Plan or Employee Welfare Benefit

Plan;

C.  arising out of the failure to comply with any law concerning Workman's Compensation, Unemployment Insurance, Social Security or Disability Benefits.

D.  based upon or attributable to any failure or omission to effect and maintain insurance or bonding for the property assets of any Employee Welfare Benefit Plan or any Employee Pension Plan;

E.  based, upon arising out of, directly or indirectly resulting from, or in any way involving the insolvency, conservatorship, receivership, bankruptcy or liquidation of any bank, banking firm, broker, dealer, investment company, investment banker, insurance company, or other such organizations of a similar nature; or the failure to pay or suspension of payment by such entities;

F.  based upon or attributable to conflicts of interests, acting in bad faith, gaining in fact any profit or advantage to which one is not legally entitled or intentional non-compliance with any statute or regulation committed by the "insured" or by a person for whose actions the "insured" is legally responsible;

G.  arising out of or in any way involving any "claim" or "defense cost" which is directly or indirectly for the benefit of any insurance carrier or bond carrier of the "insured" or any affiliate of the "insured", regardless of in whose name such "claim" is actually made;

H.  based upon or attributable to or arising from any prior and/or pending civil or criminal litigation, administration proceeding or "claim" as of 01/01/2002 involving the "insured", and any matters arising out of such prior and/or pending litigation proceeding or "claim" or any fact, circumstance or situation underlying or alleged in such litigation, proceeding or "claim";

I.  based upon, arising out of directly or indirectly resulting from or in consequence of, or in any way involving, any Employee Pension Benefit Plan or any Employee Welfare Benefit Plan that provides benefits or services to persons who are not directors, officers, and/or employees of the "insured", including but not limited to any multi-employer plan as defined in the Employee Retirement Income Security Act of 1974;

J.  by or at the behest of the "insured" or any affiliate of the "insured" or any Employee Pension Benefit Plans listed in Part 1.D. or any Employee Welfare Benefit Plans as defined in the Employee Retirement Income Security Act of 1974 that provide benefits or services to the directors, officers and/or employees of the "insured".

6.  For purposes of the coverage provided by this endorsement, the aggregate limit of the Company's liability for all "loss" and "defense costs" shall be $100,000 (hereinafter called the "sublimit of liability"). This sublimit of liability shall be part of and not in addition to the aggregate limit of liability stated in Item 3. of the Declarations and will in no way serve to increase the Company's limit of liability as therein stated.

---

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEFENSE COSTS IN ADDITION TO LIMIT OF LIABILITY

"**Defense Costs**" as defined in Section II. Definitions (C) shall be in addition to and not part of the Limit of Liability specified in the Declarations.

Section IV. LIMITS OF LIABILITY, paragraph A is deleted and replaced as follows:

A.      The Limit of Liability specified in the Declarations hereof shall be the maximum liability for "loss" for all "claims" for each "policy period".

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

**Philadelphia Insurance Companies**
**Bala Cynwyd, Pennsylvania**

## MODIFICATION OF EXCLUSION J

In consideration of the premium paid for this Policy, it is agreed that Section III. Exclusion J.is deleted and replaced with the following:

J.   an actual and willful violation of any statute or ordinance committed by an "insured";

All other terms and conditions of this Policy remain unchanged.  This endorsement is a part of your policy and takes effect on the effective date of your Policy, unless another effective date is shown below.

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
        Authorized Representative

## EMPLOYMENT PRACTICES LIABILITY
## SUB-RETENTION ENDORSEMENT

In consideration of the premium paid for this Policy, it is agreed as follows:

With respect to any "Claim" made against any "Insured" arising out of, based upon or attributable to any "Employment practice act", Item 4. of the Declarations, is amended to read as follows:

Item 4. Retention: $ 50000  Each "Claim"

All other terms and conditions of this Policy remain unchanged. This endorsement is part of your Policy and takes effect on the effective date of your Policy, unless another effective date is shown below.

Complete only when this endorsement is not prepared with the Policy or is not to be effective with the Policy.

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**BROAD FORM EMPLOYMENT PRACTICE LIABILITY**

It is agreed that with respect to a "claim" resulting from an "employment practice act," this policy will provide coverage for actual or alleged personal injury, mental anguish and emotional distress subject to the following amendments to section III EXCLUSIONS:

1.  Exclusion A. is amended in part as follows:

    Items A., 4.and A., 5.are deleted, provided that the offense was not an oral or written publication of material, done by or at the direction of the "insured" with knowledge of its falsity.

2.  Exclusion B. is amended in part by deleting "mental anguish, emotional distress."

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

## ILLINOIS AMENDATORY ENDORSEMENT

A.  Section XI. EXTENSION PERIOD is modified as follows:

1.  If the "parent organization" cancels or does not renew this Policy, the Company will provide, with no additional premium required, a 60 day extension of the cover granted by this Policy to any "claim" which may be first made against the "insured" during the 60 days after the date of such cancellation or non-renewal becomes effective, but only with respect to any "wrongful act" committed during this "policy period" and before the date of such cancellation or non-renewal. This 60 day automatic extension period shall not apply if the "insured" has purchased similar insurance from this or any other Company covering "claims" first made during the automatic extension period.

    Upon expiration of the 60 day automatic extension period paragraph B. of Section XI. EXTENSION PERIOD shall apply.

2.  Paragraph C. of Section XI. EXTENSION PERIOD is deleted and replaced with the following:

C.  If the cancellation or nonrenewal is for the nonpayment of premium, this extension will not go into effect unless any earned premium due is paid within 60 days after the effective date of such cancellation or expiration. The Company will notify the "Insured" of the earned premium due with the cancellation or nonrenewal notice.

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

## MANUSCRIPT ENDORSEMENT

### Punitive Damages Endorsement

A. Section II. DEFINITIONS, G. is deleted in its entirety and replaced by the following :

"Loss" shall mean money an "insured" is legally obligated to pay as damages or in settlement.  If insurable under applicable law, "Loss" shall also include (i) punitive or exemplary damages; (ii) the multiplied portion of any damages award.  But, "Loss" shall not include:

1. Criminal or civil fines or penalties imposed by law; or
2. Taxes; or
3. Matters deemed uninsurable under the law to which this Policy shall be construed.

All other terms and conditions of this Policy remain unchanged. This endorsement is part of your Policy and takes effect on the effective date of your Policy, unless another effective date is shown below.

Complete only when this endorsement is not prepared with the Policy or is not to be effective with the Policy.

| | |
|---|---|
| Company: | Philadelphia Indemnity Insurance Company |
| Issued to: | MACCORMAC COLLEGE, INC. |
| Effective on and after: | 07/30/2002 |
| Policy #: | PHSD033425 |
| Expiration Date: | 07/30/2003 |

By: _____
Authorized Representative

## PHILADELPHIA INDEMNITY INSURANCE COMPANY
(a Stock Company, founded in 1927)
One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004
610.617.7900   Fax: 610.617.7940

## PHILADELPHIA INDEMNITY INSURANCE COMPANY
(Herein called The Company)

## DIRECTORS & OFFICERS PROTECTION *FLEXI*PLUS INSURANCE POLICY

### THIS IS A CLAIMS MADE POLICY
**THIS POLICY ONLY COVERS THOSE "CLAIMS" FIRST MADE AGAINST THE "INSURED" DURING THIS "POLICY PERIOD."**

In consideration of the payment of the premium and in reliance upon all statements made and information furnished to The Company, including the statements made in the **application** and subject to all the provision of this Policy, The Company agrees as follows:

I.   INSURING AGREEMENTS
    A.    The Company will pay on behalf of the insured any loss and defense cost, resulting from any claim first made against the insured during this policy period; or, if applicable, during the Extension Period and to which this insurance applies.
    B.    This insurance applies to loss and defense cost only if:
        1.  The claim results from the wrongful act of the insured arising solely out of the operations of the organization;
        2.  The wrongful act occurs before or during this policy period;
        3.  The wrongful act or the circumstances, which any insured could reasonably expect would result in a claim:
            a.  Were not referenced in the application; and
            b.  Have not been reported to The Company or any other Insurance Company during any preceding policy period; and
        4.  The claim is reported to The Company in writing, in accordance with Section VII, but, not later than 60 days after the expiration date of this Policy or, any Extension Period, if applicable.
    C.    The insured and not The Company shall have the right and duty to defend any claim. However, upon the written request of the insured and subject to all of the provisions of Section V. DEFENSE COST AND SETTLEMENT, The Company agrees to undertake and manage the defense of any claim, to which this insurance applies. The Company will have no duty to defend the insured against any claim seeking loss to which this insurance does not apply.

II.   DEFINITIONS
    A.    Application means:
        1.  The application for this Policy, a copy of which is attached hereto; and
        2.  The application(s), including any material submitted therewith, for all previous policies issued by The Company providing continuous coverage until the inception date of this Policy together with the material submitted with the application for this Policy, all of which shall be deemed a part of this Policy as if physically attached hereto.
    B.    Claim shall mean:
        1.  Any suit;
        2.  Any proceeding before an administrative agency once it has concluded its investigative phase (if applicable); or
        3.  Any written notice received by The Company of an insured demanding the payment of money or provision of services to redress a wrongful act.
    C.    Defense Cost shall mean:
        1.  Any reasonable and necessary legal fees and expenses incurred in the defense of a claim, whether

by the insured with The Company's consent or directly by The Company at the insured's written request, in the investigation, adjustment, defense and appeal of a claim, except that defense cost shall not include:

    a. Any amounts incurred in defense of any claim for which any other insurer has a duty to defend, regardless of whether or not such other insurer undertakes such duty; or

    b. Salaries, wages, overhead or benefit expenses associated with any insured except as specified in item 2. below; or

    c. Salaries, wages, overhead or benefit expenses associated with employees of The Company.

2. A daily supplemental payment for the attendance of any individual insured at hearings, trials or depositions of $100. per day per individual insured. Such payment shall not exceed $5000. for each claim.

D. Employment practice act means any actual or alleged:

1. Termination of or interference with an employment relationship in a manner which is against the law and wrongful or in breach of a written or implied agreement to continue employment;

2. Discrimination in connection with the actual or anticipated employment of any person because of such person's race, color, religion, age, sex, national origin, disability, pregnancy or other protected status;

3. Unwelcome sexual advances, requests for sexual favor or other verbal or physical contact of a sexual nature that are made a condition of employment, are used as a basis for employment decisions, or creates a work environment which is intimidating or interferes with performance.

E. Individual insured shall mean:

1. Any individual who has been, now is or shall become a director, officer, trustee, employee (whether salaried or not), volunteer or committee member of the organization.

2. The lawful spouse of a director or officer of the organization. Such spouse shall be an insured only for actual or alleged wrongful acts of the director or officer for which they may be deemed liable as their spouse.

F. Insured shall mean the organization and any individual insured

G. Loss shall mean money an insured is legally obligated to pay as damages or in settlement. But, loss shall not include:

1. Criminal or civil fines or penalties imposed by law; or

2. Taxes; or

3. Matters deemed uninsurable under the law to which this Policy shall be construed; or

4. Punitive or exemplary damages or the multiple portion of any damages award.

H. Organization shall mean:

1. The parent organization, and

2. Any subsidiary of the organization.

I. Parent Organization shall mean the entity named in Item 1 of the Declarations.

J. Policy Period shall mean the period of time specified in the Declarations of this Policy, or if applicable, a prior or subsequent policy.

K. Subsidiary shall mean any non-profit entity, association or corporation of which the parent organization owns more than 50% of the voting stock, or in cases where no stock has been issued, controls such subsidiary at the time of policy inception, and shall be limited to any subsidiary identified as such in the application and any subsidiary created or acquired by the parent organization of which The Company is informed in writing. The Company shall not pay loss and defense cost for claims against any subsidiary and its individual insureds for any wrongful act occurring before the date such entity became a subsidiary. The Company shall have the right to reject the inclusion under this Policy of any subsidiary not identified on the application within 30 business days of the receipt of the notification of its creation or acquisition. Any additional premium required with respect to an added subsidiary shall be paid to The Company within 10 days of invoicing for coverage to be effective. In the event of separation or dissolution of a subsidiary after the inception of this Policy, coverage shall not apply for any wrongful acts committed after such sale or dissolution, but the subsidiary shall still be covered under the terms of this Policy for wrongful acts committed prior to such sale or dissolution to the same extent such sale or dissolution did not occur.

L. Wrongful Act shall mean any actual or alleged:

1. employment practice act; or

2.

    a. act;

    b. error;

    c. omission;

    d. misstatement

       d.  misstatement
       e.  misleading statements; or
       f.  neglect or breach of duty; not included in 1 above.

## III. EXCLUSIONS

The Company shall not be liable to make payment for loss or defense cost in connection with any claim made against any insured arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:

A.    Any actual or alleged: personal injury or advertising injury, meaning one or more of the following offenses:

1.   False arrest, detention or imprisonment;
2.   Malicious prosecution;
3.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;
4.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
5.   Oral or written publication of material that violates a person's right of privacy;
6.   Misappropriation of advertising ideas or style of doing business; or
7.   Infringement of copyright, title or slogan.

B.    Any actual or alleged: bodily injury, mental anguish, emotional distress, loss of consortium, sickness, disease or death of any person, or damage to or destruction of any tangible property including loss of use thereof;

C.    Any insured gaining any profit, remuneration or advantage to which they were not legally entitled; or any dishonest fraudulent act or omission or any criminal or malicious act or omission. However, the insured shall be reimbursed for all amounts which would otherwise be covered under this Policy if such allegations are not subsequently proven;

D.    The discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water or any cost or expense arising out of any governmental direction or request to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize any pollutants;

E.    Any bodily injury or property damage regarding asbestos including, without limitation, the use, exposure, presence, existence, detection, removal, elimination or avoidance of asbestos to any persons and in any environment, building or structure;

F.    Any activities in a fiduciary capacity as respects any employee benefit or pension plan, including the Employee Retirement Income Security Act of 1974 (ERISA), as now or hereafter amended, or similar state laws;

G.    Any pending or prior litigation as of the inception date of this Policy, as well as all future claims or litigation based upon the pending or prior litigation or the facts or circumstances (actual or alleged) that on which such prior or pending litigation is based;

H.    Any claim brought by or on behalf of the organization or any director or trustee of the organization;

I.    The printing of periodicals, advertising matter, or any and all jobs taken by the insured to be printed for a third party, when the periodical, advertising matter, or other printing is not a regular part of the insured's own publication;

J.    The violation of statute or ordinance committed by or with the knowledge or consent of an insured;

K.    The radioactive, toxic, or explosive properties of nuclear material which includes, but is not limited to, source material, special nuclear material and by product material as those terms are defined in the Atomic Energy Act of 1954 and any amendments thereto and any similar provisions of any federal, state or local statutory or common law;

L.    Any actual or alleged breach of contract or agreement. This exclusion shall not apply to any of the following:

1.   Liability of the organization which would have attached even in the absence of such contract or agreement.
2.   Claims for employment practice acts. However, The Company assumes no obligation to pay damages determined to be owing under an express contract of employment or an express obligation to make payments in the event of the termination of employment.
3.   Defense Cost of up to $25,000. For claims for any actual or alleged breach of contract or agreement. However, The Company assumes no obligation to pay any settlement or judgment associated with such claims.

M.    The services of an insured as a director or trustee for any entity other than the organization, even if directed

or requested to serve by the organization.

No wrongful act of any insured shall be imputed to any individual insured for purposes of determining the applicability of Exclusions C and J.

IV. LIMITS OF LIABILITY

Regardless of the number of insureds under this Policy, claims made or suits brought on account of wrongful acts, The Company's liability is limited as follows:

A. The Limit of Liability specified in the Declarations hereof shall be the maximum liability for loss and defense cost combined for all claims for each policy period.

B. With respect to the Retention as stated in the Declarations, The Company shall only be liable to pay, subject to the Limits of Liability provisions stated above, for loss and defense cost in excess of such Retention in respect of each and every claim hereunder.

C. For claims concerning anti-trust, restraint of trade and price fixing activities, the Limit of Liability shall be $150,000. And will be limited to defense cost only.

D. The Limit of Liability for any Extension Period, if applicable, shall be a part of and not in addition to the Limit of Liability specified in the Declarations.

E. Claims based on or arising out of the same wrongful act, interrelated wrongful acts, or a series of similar or related wrongful acts shall be:

1. Considered a single claim; and

2. Considered first made only during the policy period, including the Extension Period, (if applicable), or during any prior or subsequent policy period in which the earliest claim arising out of such wrongful act(s) was first made. Such claims whenever made, shall be assigned to only one policy (whether issued by this or any other insurer) and if that is this Policy, only one Limit of Liability and one Retention shall apply.

V. DEFENSE COST AND SETTLEMENT

A. No settlement shall be made or offer extended without The Company's consent, such consent not to be unreasonably withheld.

B. In the event that a claim is made against the insured, the insured shall take reasonable measures to protect their interests. If defense of suit is required, then the insured shall appoint counsel.

C. The Company will not be held responsible for defense costs until the insured obtains the express approval of The Company, such approval not to be unreasonably withheld or delayed.

D. If more than one insured is involved in a claim, The Company may withhold approval of separate counsel for one or more of such insured unless there is a material (actual or potential) conflict of interest among such insureds.

E. The Company may have counsel of its choice associated in the defense of any claim. The Company reserves the right at any time to take over control of the defense of any claim.

F. If requested in writing by the insured, The Company will undertake and manage the defense of any claim. If more than one insured is involved in a claim, the parent organization shall act for all insureds with respect to this election unless there is a material (actual or potential) conflict of interest among such insureds.

G. The insureds agree to provide The Company with all information, assistance and cooperation which The Company reasonably requests and agree that in the event of a claim, the insureds will do nothing that may prejudice The Company's position or its potential rights of recovery.

H. Notwithstanding the foregoing, The Company at its sole option and discretion shall have the right to investigate any claim and negotiate the settlement thereof, as it deems expedient, but The Company shall not commit the insured to any settlement without their consent.

I. If the insured shall refuse to consent to a settlement which The Company has recommended in writing and elects to contest the Claim or continue any legal proceedings in connection with such claim, then The Company's liability for such claim shall not exceed the amount for which the claim could have been settled, including defense cost incurred, up to the date of such refusal.

VI. ADVANCEMENT OF DEFENSE COST

Upon determination by The Company that a claim may be covered in whole or in part by the terms and conditions of this Policy, such determination not to be unreasonably withheld, The Company shall in accordance with such determination advance defense cost prior to the final disposition of the claim pursuant to a written agreement. Such payments by The Company shall be repaid by the insured in the event that it is finally determined that the insured is not entitled to payment of such defense cost.

VII. NOTICE/CLAIM REPORTING PROVISIONS

Notice hereunder shall be given in writing to The Company:

Notice hereunder shall be given in writing to The Company:

    A.  In the event that a claim is made against the insured, the insured shall, as a condition precedent to the obligations of the Company under this Policy, give written notice as soon as practicable to The Company during this policy period, or, if applicable during any Extension Period, but, not later than 60 days after the expiration date of this Policy or any Extension Period, if applicable.

    B.  If during this policy period an insured first becomes aware of any circumstances which may subsequently give rise to a claim being made against any insured for a specific alleged wrongful act and, as soon as practicable thereafter, but before the expiration or cancellation of this Policy, gives written notice to The Company of the circumstances and the reasons for anticipating such a claim, with full particulars as to the wrongful act, dates and persons involved, than any claim which is subsequently made against the insured arising out of such wrongful act will be considered made during this policy period.

## VIII. CANCELLATION AND NON RENEWAL

    A.  The Company may not cancel this Policy except for failure to pay a premium when due, in which case 10 days written notice shall be given to the parent organization for such cancellation to be effective.

    B.  The parent organization may cancel this Policy for itself and all other insureds by surrender of this Policy to The Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. If the parent organization cancels, earned premium shall be computed in accordance with the customary short rate table procedure.

    C.  The Company shall not be required to renew this Policy upon its expiration.

## IX. REPRESENTATIONS AND SEVERABILITY

    A.  The insureds represent that the particulars and statements contained in the application are true and agree that (1) those particulars and statements are the basis of this Policy and are to be considered as incorporated into and constituting a part of this Policy; (2) those particulars and statements are material to the acceptance of the risk assumed by The Company; and (3) this Policy is issued in reliance upon the truth of such representations.

    B.  Except for material facts or circumstances known to the individual insureds signing the application, no statement in the application or knowledge or information possessed by any insured shall be imputed to any other individual insured for the purpose of determining the availability of coverage.

## X. SUBROGATION

In the event of any payment under this Policy, The Company shall be subrogated to the right of recovery possessed by any insured respecting such claims. The insured shall execute and deliver such instruments and papers and do whatever else is necessary to secure such rights and shall do nothing to prejudice or compromise such rights without The Company's express consent.

## XI. EXTENSION PERIOD

    A.  If The Company shall cancel or refuse to renew this Policy for reason other than nonpayment of premium, the following will apply:

The Company will provide, with no additional premium required, a 60 day extension of the cover granted by this Policy to any claim which may be first made against the insured during the 60 days after the date of such cancellation or non-renewal, but only with respect to any wrongful act committed before the date of such cancellation or non-renewal and otherwise covered by this Policy. This 60 day automatic extension period shall not apply if the insured has purchased similar insurance from this or any other Company covering claims first made during the automatic extension period.

Upon expiration of the 60 day automatic extension of cover granted by this Policy, the parent organization shall have the right, upon payment of an additional 35% of the annual premium to an extension of the cover granted by this Policy to any claim first made against the insured during the twelve (12) months after the date of such expiration of the 60 day automatic extension period, but only with respect to any wrongful act committed before the date of such cancellation or non-renewal and otherwise covered by this Policy, provided, however, that the request for this extension must be made to The Company in writing and payment of the premium must be made prior to the expiration of the 60 day automatic extension period.

    B.  If the parent organization cancels or does not renew this Policy or The Company cancels for nonpayment of premium, the following will apply: annual premium, to an extension of the cover granted by this Policy to any claim which may be first made against the insured during the twelve (12) months after the date of such cancellation or non-renewal, but only in respect of any wrongful act committed before the date of such cancellation or non-renewal and otherwise covered by this Policy, provided, however, that the request for

this extension must be made to The Company in writing and payment of the premium must be made within 60 days following the date of such cancellation or non-renewal. In the event similar insurance is in force covering claims first made during this Extension Period, coverage provided by this Policy shall be excess over any such insurance. If the cancellation or non-renewal is for the non-payment of premium, this extension will not go into effect until any earned premium due is paid within 60 days after the effective date of such cancellation or expiration.

C.  All premium paid with respect to an Extension Period shall be deemed fully earned as of the first day of the Extension Period. For the purpose of this clause, any change in premium or terms on renewal shall not constitute a refusal to renew.

## XII. CHANGES

Except by written endorsement issued to the insured forming a part of this Policy, nothing shall effect a change in or addition to the provisions of this Policy. Furthermore, under no circumstances shall The Company be deemed to have waived or be estopped from asserting any right under this Policy, at law, or in equity respecting any claim, except as stated in writing by The Company's authorized claims department representative.

## XIII. ASSIGNMENT

Assignment of interest in this Policy shall not bind The Company until its consent is endorsed hereon.

## XIV. AUTHORIZATION CLAUSE AND NOTICES

By acceptance of this Policy, each insured agrees that the parent organization shall act on behalf of all insureds with respect to the giving and receiving of any return premiums and notices that may become due under this Policy. Notice to the parent organization shall be directed to the individual named in the application, or such other person as shall be designated by the parent organization in writing. Such notice shall be deemed to the notice to all insureds. The parent organization shall be the agent of all insureds to effect changes in this Policy.

## XV. OTHER INSURANCE

If the insured has any other insurance for claims covered hereunder, the insurance provided by this Policy shall be excess over such other insurance, regardless of whether such other insurance is collectible or designated as primary or excess.

## XVI. TERMS OF POLICY CONFORMED TO STATUTE

Terms of this Policy which are in conflict with the statutes of any state in which this Policy is issued are hereby amended to conform to such statutes.

## XVII. ACCEPTANCE

This Policy embodies all agreements existing between the parties hereunder or any of their agents relating to this insurance.

## XVIII. ACTION AGAINST THE COMPANY

A.  No action shall lie against The Company unless as a condition precedent thereto, there has been full compliance with all of the terms of this Policy, and until the amount of the insured's obligation to pay has been finally determined either by judgment against the insured after actual trial or by written settlement agreement of the insured regarding a claim.

B.  Any insured or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this Policy to the extent of the insurance afforded by this Policy. No person or entity shall have any right under this Policy to join The Company as a party to any action against the insured to determine the insured's liability, nor shall The Company be impleaded by the insured or their legal representatives. Bankruptcy or insolvency of the insured or their successors in interest shall not relieve The Company of its obligations hereunder.

## XIX. MERGER OR CONSOLIDATION

In the event the organization acquires by merger, or consolidates with, or is merged into any other entity after the effective date of this Policy, immediate written notice thereof shall be given to The Company together with such information as The Company may request, and the parent organization shall pay any additional premium required in the event The Company agrees to continue this Policy.

## XX. TWO OR MORE COVERAGE PARTS OR POLICIES ISSUED BY US

It is our stated intention that the various coverage parts or policy issued to the parent organization by The Company,

or any affiliated company, do not provide any duplication or overlap of coverage for the same claim or suit. We have exercised diligence to draft our coverage parts or policies to reflect this intention, but should the circumstances of any claim give rise to such duplication or overlap of coverage, then, notwithstanding the other insurance provision, if this Policy and any other coverage part or policy issued to the parent organization by The Company, or any affiliated company, apply to the same wrongful act, professional incident, occurrence, offense, accident or loss, the maximum Limit of Liability under all such coverage parts or policies combined shall not exceed the highest applicable Limit of Liability under any one coverage part or policy.

IN WITNESS WHEREOF, The Company has caused this Policy to be signed by its President and Secretary, but same shall not be binding upon The Company unless countersigned by an authorized representative of The Company.

President                                                Secretary

Ex. B



**MacCormac College**

615 N. West Avenue
Elmhurst, IL 60126-1861
Tel: (630) 941-1200
Fax: (630) 941-0937

29 E. Madison Street
Chicago, IL 60602-4405
Tel: (312) 922-1884
Fax: (312) 922-3196

December 16, 2002

Mr. Gary L. Schmitt
Fred C. Schmitt & Co.
1010 Lake Street
P. O. Box 4179
Oak Park, Illinois 60303-4179

Re: Errors and Omissions Insurance — *PHSD 033425*
Philadelphia Indemnity Insurance Co.

Dear Gary:

MacCormac College is hereby notifying its insurance carrier that there may be a possibility of a claim against its Errors and Omissions Insurance Policy.

Enclosed is a copy of the U. S. Department of Education's preliminary audit findings from a survey Program Review Audit conducted March 11-15, 2002. The College will be challenging a number of the findings and will make that information available upon completion of its investigation.

If you need any additional information at this time, please let me know.

Very truly yours,

Patricia A. Nickels
Business Manager/Controller

Enclosure

**Exhibit B**

Ex. C



**UNITED STATES DEPARTMENT OF EDUCATION**
Federal Student Aid
Case Management & Oversight
111 North Canal Street, Suite 830
Chicago, Illinois 60606-7219
(312) 886 - 8767
June 23, 2003

**F E D E R A L**
**S T U D E N T  A I D**
We Help Put America Through School

Dr. Leo Loughead                                                    **Certified Mail**
President                                                          **Return Receipt Requested**
MacCormac College                                                  7002 0860 0006 2148 5478
29 E. Madison Street
Chicago, IL 60602-4405

**FINAL PROGRAM REVIEW DETERMINATION LETTER**
Ref:    PRCN: 200220519614
        OPE ID Number: 00171600

Dear Dr. Loughead:

On March 11 through March 15, 2002, U.S. Department of Education (Department) officials conducted a survey program review of programs authorized pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§1070 et seq., (Title IV, HEA programs) administered at MacCormac College. The program review was conducted to examine the institution's administration of the Title IV, HEA programs.

As discussed with you and your management team at the entrance conference, the purpose of the program review was to determine the institution's compliance with the statutes and federal regulations as they pertain to MacCormac College's administration of the Title IV, HEA programs. The review consisted of, but was not limited to, an examination of the school's policies and procedures regarding institutional and student eligibility, individual student financial aid and academic files, enrollment records, student account ledgers, and fiscal records.

Statistically valid random samples were identified from the financial aid recipients for whom MacCormac College reported disbursements under the 1999-2000, 2000-2001 and 2001-2002 award years. Twenty recipients were selected for review from 1999-2000, eighteen recipients from 2000-2001, and eight recipients from 2001-2002.

The review sample is incorporated by reference, in its entirety, and is attached hereto as part of this Final Program Review Determination (FPRD) Letter (Appendix A). Please refer to Appendix A, B, C and D for the identities of the students cited in the program findings.

*We Help Put America Through School*

**Exhibit C**

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

On March 15, 2002, the reviewers conducted an exit conference with MacCormac College's Title IV, HEA administration fiduciaries. At that time the reviewers provided a complete discussion of the findings of noncompliance disclosed during the review.

Thank you for your institution's response dated February 13, 2003 in response to the December 6, 2002 program review report. That report covered MacCormac College's administration of the Title IV, HEA student financial aid programs during the 1999 - 2000, 2000-2001 and 2001-2002 award years.

The Chicago Case Management Team has made final determinations for all of the findings in the program review report. The purpose of this FPRD is to (1) identify the liabilities due from MacCormac College; (2) provide instructions for the payment of the liabilities to the Department; (3) notify the institution of its right to appeal and (4) close the program review.

MacCormac College has taken the corrective actions to resolve findings #2 and #5 of the program review report. Therefore, the institution may consider these items closed, with no further action required. We discuss below the consequences of the program violations for findings #1, #3 and #4.

## APPEAL PROCEDURES

This letter constitutes the Department's Final Program Review Determination with respect to the liabilities identified from the March 11 through March 15, 2002 program review conducted at MacCormac College. If the Institution elects to appeal to the Secretary of Education for a review of monetary liabilities established in this FPRD Letter, MacCormac College must file a written request for a hearing. The Department must receive your request no later than **45 days** from the date MacCormac College receives this FPRD Letter. The Institution must enclose with its appeal request **an original and four copies of the information submitted**. Your request may be sent by regular, overnight or courier mail to:

Ms. Mary E. Gust, Director
Administrative Actions & Appeals
U.S. Department of Education
SFA/Schools Channel/CMO
830 First Street, NE UCP3, Room 83E1
Washington, DC 20002-5267

MacCormac College's appeal request must: (1) indicate the findings, issues and facts you dispute; (2) state the institution's position together with pertinent facts and reasoning supporting its position; (3) include any documentation to support your position and; (4) include a copy of this FPRD Letter.

2

Dr. Leo Loughead                                                    OPEID: 00171600
MacCormac College                                                   PRCN: 200220519614

may enter MacCormac College." Furthermore, the Department has not approved the
ESL program as an eligible non-degree program.

**FINAL PROGRAM REVIEW DETERMINATION**

The Student Assistance General Provisions specifies that an eligible program that
consists solely of instruction in ESL qualifies as an eligible program if - -

- The institution admits to the program only students who the institution
  determines need the ESL instruction to use already existing knowledge, training,
  or skills; and
- The program leads to a degree, certificate or other recognized education
  credential.

An institution shall document its determination that ESL instruction is necessary to
enable each student enrolled in its ESL program to use already existing knowledge,
training or skills with regard to students that it admits to its ESL program. An ESL
program that qualifies as an eligible program under this section is eligible for funding
under the Federal Pell Grant Program only. *(34 C.F.R. 668.8(j))*

An institution that fails to establish a student's eligibility for Title IV FSA funds deprives
other needy students of funds and creates a financial burden for the U.S. Department of
Education.

The Chicago team requested that MacCormac College provide documentation of the
institution's evaluation of the students' eligibility for the ESL-only program for all of the
Title IV, HEA program fund recipients who were enrolled in the ESL program. In
response to that request, the institution provided copies of the admissions application,
documentation concerning the ESL level in which the students would be enrolled, and
copies of each student's academic transcript and account information. The institution
was unable to provide evidence showing that it had documented the students' needs in
relation to their existing knowledge, training or skills. The reviewers identified a large
number of students for whom the institution did not document the students' existing
knowledge, training or skill level prior to certifying them for the ESL program.
MacCormac College also was unable to document that students enrolled in the ESL
stand-alone program were seeking a degree or certificate.

Because MacCormac's ESL stand-alone program did not meet the requirements of 34
C.F.R. Section 668(j) the students in that program were ineligible to receive any Title IV
funds. If the program had been eligible, the students would have been eligible to
receive Federal Pell Grant funds only. Yet, there were many students during the
program review period who received Title IV aid other than Federal Pell Grant funds
while enrolled in the ESL program. These students are listed in Appendix C.

4

Federal regulations also allow ESL coursework to be included as a component of a regular program of study. In that case, ESL courses would be counted as remedial coursework designed to increase the ability of a student to pursue a course of study leading to a certificate or degree. In such cases, a student's program of study would not consist solely of ESL classes. If a student enrolls in a an eligible program offered by the institution which leads to a degree or certificate, and attends ESL coursework as part of that larger program, the student would be eligible to receive funds from Title IV programs in addition to Federal Pell Grant funds. However, in order to be eligible for Title IV funds other than Federal Pell Grants, students must be enrolled as regular students in an eligible program offered by the institution *(34 C.F.R. Section 668.20)*.

The Chicago team's review of the documentation submitted by the institution determined that although some students attended non-ESL courses that may have been applicable to other programs offered by the institution, their admissions application stated their intention was to enroll only in the institution's ESL program. The non-ESL courses taken by the students were: OT2100 Computer Keyboarding, and CIS1150 Software Applications I. As noted above, these courses were referenced in the student catalog as non-ESL courses in which students in the Intermediate and Advanced level of the ESL program would enroll for the purpose of teaching them how to conduct research and edit compositions. These students who enrolled in these courses in addition to ESL courses are listed in Appendix D.

In the program review report dated December 6, 2002, the Chicago team required the institution to review the students in Appendix C and D and provide additional information to document the students' eligibility for the Title IV funds received.

In its February 13, 2003 response to the program review report, MacCormac College submitted student surveys and academic transcripts. The student surveys included a summary of the responses and copies of the signed surveys returned to the institution. The purpose of these surveys was to document the students' needs in relation to their existing knowledge, training or skills for the ESL program. In addition to providing the survey results, the institution submitted academic transcripts for students who declared a major other than ESL.

The Department has determined that the institution's response to this finding fails to support the students' eligibility for the Title IV funds received. The institution failed to document its determination (on a case-by-case basis) that ESL instruction was necessary for the students to use already existing knowledge, training, or skills. The surveys were signed and dated by students in January 2003, and therefore they do not substantiate that the institution documented its determination **at the time the student was admitted to the ESL program.** Furthermore, MacCormac College was unable to document a student's enrollment in the ESL program would lead to degree or certificate.

5

Dr. Leo Loughead                                               OPEID: 00171600
MacCormac College                                        PRCN: 200220519614

In addition, the institution failed to document that the majority of students intended to receive a degree or certificate in any other program offered by MacCormac College. None of the students reviewed documented their intent to receive a degree or certificate from MacCormac College. Instead they only listed their desire to enroll in the ESL program. Therefore, the institution is liable to the Department for the ineligible disbursements made for students #8, #16, #31, #34, #35 and #44 of the program review student sample, which is referenced in Appendix A. However, for the seven students listed in Appendix E, the students' transcripts provided evidence that those students were taking ESL courses as part of a degree program, despite the institution's failure to document those students' intent to seek a degree or certificate on the admission application

The institution is also liable to the Department for the ineligible disbursements made for the file review students. The ineligible disbursements and the Cost of Funds associated with this finding may be found in Appendix C and Appendix D. The total aggregate liability to the Department for students listed in Appendix C is $424,527.00: $335,495.00 in Federal Pell Grant funds, plus $39,713.00 in Federal Supplemental Educational Opportunity Grant (FSEOG) funds, plus $49,319.00 in Cost of Funds. The total aggregate liability to the Department for students listed in Appendix D is $192,361: $153,771.00 in Federal Pell Grant funds, plus $20,282.00 in FSEOG funds, plus $18,308.00 in Cost of Funds. Furthermore, MacCormac College is liable for the Administrative Cost of Allowance (ACA) related to the aggregate FSEOG improper disbursements listed in both Appendix C and D. The total ACA for this finding was calculated to be $3,000.00. Attachment A details the ACA calculated for this finding.

The total aggregate liability amount (rounded) due back to the Department for this finding is **$619,888.00** ($489,266.00 in Federal Pell Grant funds, plus $59,995.00 in FSEOG funds, plus $67,627.00 in Cost of Funds, plus $3,000.00 Administrative Cost of Allowance). The Cost of Funds was computed using the Current Value of Funds Rate (CVFR) for the Federal Pell Grant funds and FSEOG funds, as published in the Federal Register by the U.S. Department of the Treasury.

In addition, the students in Appendix C were awarded $17,619 in ineligible FFEL loans. The students in Appendix D were awarded $9,395 in ineligible FFEL loans. In lieu of requiring MacCormac College to repay $27,014 in ineligible FFEL loans to the current holder of the promissory notes, we have estimated the Department's financial loss from the loan amounts improperly certified and delivered to non-regular students. The liability due to the Department for the improper disbursement of Federal Stafford Loans in this finding is **$9,097**. This amount was determined using a formula that provides an estimate of the Department's subsidy and default expenses, based on the institution's most recent FFEL cohort default rate and the institution's identified liability. Attachment B presents the detail of the actual loss calculation.

Dr. Leo Loughead                                       OPEID: 00171600
MacCormac College                                      PRCN: 200220519614

## FINDING #2: INELIGIBLE FEDERAL PELL GRANT AWARDS

The reviewers noted that MacCormac College improperly disbursed Federal Pell Grant funds to two students who were not eligible to receive those funds. Student #45 had an EFC of 4517. With such a high EFC, the student is not eligible for the Federal Pell Grant award. The institution disbursed Federal Pell Grant funds in the amount of $213.00 for the Summer 2001 term. Also Student #46 had an EFC of 4723. The institution disbursed Federal Pell Grant funds in the amount of $325.00 in Summer 2001 to this student.

## FINAL PROGRAM REVIEW DETERMINATION

The Federal Pell Grant Program awards grants to help financially needy students meet the cost of their post-secondary education. Unlike other programs, schools do not have to make decisions about who receives Federal Pell grant funds or how much they receive. The Department pays Federal Pell Grant funds to all eligible students, and formulas determine how much each receives (34 C.F.R. Section 690). An institution is liable for any overpayment if the overpayment occurred because the institution failed to follow the procedures set forth under the Federal Pell Grant regulations. The institution shall restore the funds to its Federal Pell Grant account even if it cannot collect the overpayment from the student (34 C.F.R. Section 690.79).

Failure to properly disburse Federal Pell Grant funds results in the institution receiving funds to which it is not entitled and causes increased expense for the U.S. Department of Education.

In response to this finding the institution indicated that the Summer 2001 term was a crossover payment period, and that the correct EFC for student #45 was 2457 and the correct EFC for student #46 was 2696. Therefore, the Federal Pell Grant funds were appropriately disbursed to these two students. The Department verified the institution's response against the National Student Loan Data System (NSLDS) and determined the institution's response to be correct. Therefore, no further action is required for this finding.

## FINDING #3: FSEOG EXCEPTIONAL NEED NOT MET

The reviewers noted that the institution disbursed Federal Supplemental Education Opportunity Grant (FSEOG) funds to three students who did not demonstrate the exceptional need for funds. The institution disbursed $1,500.00 in FSEOG funds to Student #1 for the 1999-2000 award year with an expected family contribution (EFC) of 2566, $1,000.00 in FSEOG funds to Student #2 for the 1999-2000 award year with an EFC of 2291, and $250.00 in FSEOG funds to Student #45 for the 2001-2002 award year with an EFC of 4517.

Dr. Leo Loughead                                          OPEID: 00171600
MacCormac College                                         PRCN: 200220519614

The institution did not provide the reviewers with a policy on MacCormac College's procedures to award FSEOG funds. In addition, the reviewers noted that there were several $0 EFC and Federal Pell Grant eligible students who did not receive FSEOG grants.

## FINAL PROGRAM REVIEW DETERMINATION

The Federal Supplemental Education Opportunity Grant regulations stipulate that in selecting FSEOG recipients; an institution must select students with exceptional financial need, which is defined as those students with the lowest EFCs who will also receive Federal Pell Grants in the award year. If the institution has FSEOG funds remaining after funds are awarded to students who are Federal Pell Grant eligible, the institution must next award FSEOG funds to those students with the lowest EFCs who will not receive Federal Pell Grants in that award year.

Failure by the institution to properly award FSEOG funds to students with exceptional need constitutes an inability by the institution to properly administer the FSEOG program and deprives other eligible needy students of those funds.

MacCormac College is liable for the ineligible FSEOG disbursements to the three students listed above. If unusual circumstances exist for these three disbursements, the institution should have submitted any and all documentation with its response to the program review report. Also, MacCormac College is liable for the Cost of Funds (COF) interest expenses and Administrative Cost of Allowance (ACA) related to these improper disbursements.

In response to this finding the MacCormac College accepts the finding and agrees to pay the liabilities associated to this finding to the Department for Students #1, #2, and #45. The total liability amount (rounded) due back to the Department for this finding is in an aggregate of **$3,282.00** ($2,750.00 Federal Supplemental Education Opportunity Grant (FSEOG) funds, plus $407.00 Cost of Funds (COF) interest, plus $125.00 Administrative Cost of Allowance (ACA)). The COF was computed using the Current Value of Funds Rate (CVFR) for the Federal Supplemental Education Opportunity Grant (FSEOG) funds, as published in the Federal Register by the U.S. Department of the Treasury. The ACA was computed using 5% of the first $2,7500,000 of MacCormac College's expenditures under the campus-based programs as published in 34 C.F.R. Section 673.7. Attachment C details the COF and ACA related to this finding.

## FINDING #4: IMPROPER FFEL DISBURSEMENT – PAYMENT AFTER WITHDRAWAL

The reviewers found that MacCormac College disbursed Federal Family Education Loan (FFEL) funds to two students after the students withdrew from the institution.

8

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

Student #15 withdrew on 6/6/00 according to the institution's attendance records. The institution's withdrawal forms show the student's last date of attendance as 6/16/00. The school received two FFEL disbursements for the student in July 2000. The school refunded the second disbursement back to the lender on 7/20/00. However, the institution disbursed the first disbursement of the unsubsidized FFEL loan for this student on 7/13/00 in the amount of $1,940.00.

Student #27 withdrew on 10/23/00. The student's file contained a copy of the student's application for withdrawal from the college. Prior to withdrawal, the student applied for a FFEL subsidized loan. The loan checks were received by the school on 10/30/00 and credited to the student's account on 12/8/00. The institution refunded the entire disbursement to the bank on 3/14/01 in the amount of $727.50.

## FINAL PROGRAM REVIEW DETERMINATION

Federal regulations specify that a school may release the proceeds of any disbursement of a loan only to a student who the school determines, after the school receives those proceeds from the lender, has continuously maintained eligibility for the loan (34 C.F.R. Section 682.604(b)(2)(i)).

Failure to document student eligibility for FFEL funds could result in students defaulting on FFEL loans and cause an undue financial burden to the U.S. Department of Education.

MacCormac College is liable for the $1,940.00 improper unsubsidized FFEL disbursement credited to Student #15 after the student's withdrawal from the institution. The institution must repay the **$1,940.00** to the FFEL holder of the promissory notes (Attachment D).

## FINDING #5: ENTRANCE/EXIT COUNSELING NOT DOCUMENTED/PERFORMED

The program reviewers found four students for which the institution did not complete initial loan counseling. Students #2, #3, #17, and #36 were disbursed FFEL loans without receiving important loan counseling information. In addition, the reviewers also found eight students that did not receive exit loan counseling prior to or right after the students' last date of attendance. The financial aid files for Students #1, #9, #12, #17, #19, #25, #43, and #46 did not contain documentation that the students were provided exit loan counseling.

The U.S. Department of Education regulations requires students to attend an initial loan counseling session prior to the disbursement of FFEL funds and also to receive exit loan counseling information prior to students' withdrawal or graduation, or in the case of an unofficial withdrawal, this material must be mailed to students within 30 days of the date the students ceased to be enrolled at the institution.

9

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

## FINAL PROGRAM REVIEW DETERMINATION

Federal regulations require that an institution conduct initial loan counseling with each Stafford loan borrower either in person, by audiovisual presentation, or by interactive electronic means prior to the release of the first disbursement, unless the student borrower has received a prior Stafford loan. The school must ensure that an individual with expertise in the Title IV programs is reasonable available shortly after the counseling to answer the student borrower's questions *(34 C.F.R. Section 682.604(f))*.

The institution must conduct an in-person interview exit interview with each Federal Stafford loan borrower shortly before the student ceases enrollment on at least a half-time basis in order to emphasize the obligation and consequences of default. General information such as repayment options, consolidation, and debt management strategies must also be provided to the borrower. If the borrower withdraws or graduates without the institution's prior knowledge and did not attend an exit interview, the institution must mail written counseling materials to the borrower within 30 days after learning the borrower has ceased enrollment at the institution *(34 C.F.R. Section 682.604(g))*.

The institution's failure to provide initial loan counseling increases the possibility of the student defaulting on his or her loan. Federal Family Education Loans that go into default status create increased expense for the U.S. Department of Education. The institution is required to develop procedures to ensure that initial loan counseling is completed for all FFEL borrowers prior to the disbursement of loan proceeds.

In response to this finding MacCormac College agreed that the initial or entrance loan counseling was not performed for four students. The institution's procedures calls for that to be done before first disbursement loan proceeds are released. However, the institution stated that Students #17 and #36 had received prior Stafford loans and exit counseling was not required. The Department verified the institution's response against the National Student Loan Data System (NSLDS) and determined the institution's response to be correct. In addition, MacCormac College's response to the program review report documented that the institution had sent exit counseling materials to the borrowers. Therefore, no further action is required for this finding.

### PAYMENT INSTRUCTIONS

#### A. To Holders Of Federal Stafford Loan Promissory Notes

The institution must repay to the current holders of the Federal Stafford Loan promissory notes, as stated in Finding #4, the sum of **$1,940.00**. The affected borrower and the amount of the Unsubsidized Federal Stafford Loan refund amount are provided in Attachment D hereto.

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

### B. To The Department Of Education

As a result of the findings presented in the program review report, the liabilities listed below are due directly to the Department of Education.

| | | |
|---|---|---|
| Federal Pell Grant | (Finding #1) | $489,266 |
| Federal Supplemental Education Opportunity Grant | (Finding #1) | $ 59,995 |
| Cost of Funds | (Finding #1) | $ 67,627 |
| Administrative Cost of Allowance | (Finding #1) | $ 3,000 |
| Federal Family Education Loan Estimated Loss | (Finding #1) | $ 9,097 |
| Federal Supplemental Education Opportunity Grant | (Finding #3) | $ 2,750 |
| Cost of Funds | (Finding #3) | $ 407 |
| Administrative Cost of Allowance | (Finding #3) | $ 125 |
| **Total** | | **$632,267** |

Payment of the $632,267 liability must be made within **forty-five (45)** days of the date of this letter by electronic transfer of funds through the Treasury Financial Communications System, which is known as FEDWIRE. You must request your bank to transmit the payment through FEDWIRE via the Federal Reserve Bank in New York. If your bank does not maintain an account at the Federal Reserve Bank, it will use the services of a correspondent bank when making payments through FEDWIRE. A form is attached for your bank to transmit with the FEDWIRE payment.

Any liability of $100,000.00 or more, for a prior award year, assessed as a result of a program review (except for most instances under the Federal Perkins Loan program) must be repaid to the U. S. Department of Education via FEDWIRE. We are unable to accept any other mode of payment in satisfaction of these liabilities.

Instructions for completing the electronic fund transfer message format are enclosed (Attachment D). The repayment must be accomplished within **45** days of the date of this letter. If payment is not received through FEDWIRE within that period, interest will accrue in monthly increments until the date of receipt at FEDWIRE.

To properly identify the institution's payment and to ensure that the institution receives credit for the payment, the following identification data is applicable to this payment:

> Amount: $632,267
> TIN:
> DUNS: 082549981
> PRCN: 200220519614

If within forty-five days of the date of this letter, the institution has neither made payment in accordance with these instructions nor entered into an agreement to repay

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

## APPENDIX A

## Student Sample

| STUDENT NUMBER | NAME | SOCIAL SECURITY NUMBER |
|---|---|---|

**Award Year
1999-00**

| | |
|---|---|
| 1 | Aranda, Maria |
| 2 | Avila, Erica |
| 3 | Banos, Ana |
| 4 | Bennewate, Faith |
| 5 | Carney, Portia |
| 6 | Cura, Victoria |
| 7 | Daniel, Tyra |
| 8 | Gamboa, Azucena |
| 9 | Gomez, Maria |
| 10 | Hernandez, Maria |
| 11 | Hubbard, Valencia |
| 12 | Hyland, Kathryn |
| 13 | Kubik, Roman |
| 14 | McClinton, Theresa |
| 15 | McTush, Nicky |
| 16 | Ornelas, Teodoro |
| 17 | Page, Geraldine |
| 18 | Phillips, Debra |
| 19 | Stanisz, Deborah |
| 20 | Tascon, Lida |

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

## APPENDIX A

## Student Sample (Continuation)

| STUDENT NUMBER | NAME | SOCIAL SECURITY NUMBER |
|---|---|---|

Award Year
2000-01

| | | |
|---|---|---|
| 21 | Alcantar, Dalila | |
| 22 | Arevalo, Esmeralda | |
| 23 | Briseno, Jimmy | |
| 24 | Capo, Oscar | |
| 25 | Contreras, Yeimi | |
| 26 | Duran, Jose | |
| 27 | Guallpa, Fabiola | |
| 28 | Frye, Shawna | |
| 29 | Kastning, Mindy | |
| 30 | King, Chaka | |
| 31 | Montalvo, Rosa | |
| 32 | Montes, Rosa | |
| 33 | Ortega, Areli | |
| 34 | Prajzner, Anna | |
| 35 | Ramirez, Jesus | |
| 36 | Robinson, Lisa | |
| 37 | Romo, Alma | |
| 38 | Wingstedt, Laura | |

14

Dr. Leo Loughead
MacCormac College

OPEID: 00171600
PRCN: 200220519614

## APPENDIX A

### Student Sample (Continuation)

| STUDENT NUMBER | NAME | SOCIAL SECURITY NUMBER |
|---|---|---|
| Award Year 2001-02 | | |
| 39 | Contreras, Ana | |
| 40 | Duncan, Kesha | |
| 41 | Gomez, Eulalia | |
| 42 | Medina, Miriam | |
| 43 | Moss, Felicia | |
| 44 | Nesterovych, Andriy | |
| 45 | Pierce, Richelle | |
| 46 | Sally, Kristine | |

MacCormac College
29 East Madison Street
Chicago, IL 60602

## APPENDIX B

## ESL STUDENT LISTING BY ACADEMIC TERM

### Summer, 1999

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Alvear, Carla | | Arroyo, Maria | |
| Barron, Salvador | | Bravo, Catalina | |
| Ceja, Maribel | | Cruz, Cesar | |
| Flores, Alma | | Flores, Karla | |
| Flores, Rosie | | Garcia, Devora | |
| Garcia Esdras | | Benitez, Adolit | |
| Delgado, Telma | | Hernandez, Griselda | |
| Hernandez, Kathia | | Lerma, Gabriela | |
| Macedo, Sonia | | Maldonado, Hugh | |
| Mayer, Leslie | | Morales, Thelma | |
| Morales, Wendy | | Moreno, Edilberto | |
| Navas, Lorna | | Ornelas, Teodoro | |
| Perez, Yesenia | | Romero, Romelia | |
| Sandoval, Alicia | | Tascon, Lida | |
| Tokis, Hakan | | Urguilla, Gilma | |
| Vargas, Zaria | | | |

### Fall, 1999

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Andrushkiv, Lyubou | | Andrushkiv, Myroslawa | |
| Arroyo, Miguel | | Boundaoui, Lyes | |
| Castillo, Yovana | | Cintora, Juan | |
| Colon, Celines | | Cuaya, Maria | |
| Domain, Norma | | Delgado, Roberto | |
| Escheverria, Jesus | | Flores, Roman | |
| Gacek, Twona | | Gamboa, Daniel | |
| Gonzalez, Luisa | | Gonzalez, Virginia | |
| Herrera, Janny | | Jimenez, Sandy | |
| Kibik, Roman | | Martinez, Susana | |
| Merlan, Jose | | Nesterovych, Andry | |
| Nunez, David | | Salgado, Luz | |
| Santana, Francisco | | Soto, Gloria | |
| Trzak, Agnicszka | | Vozquez, Yolanda | |
| Villegas, Diana | | Yugsi, Jorge | |
| Delgado, Enrique | | Reyes, Magdalena | |

**MacCormac College**
29 East Madison Street
Chicago, IL  60602

## ESL STUDENT LISTING BY ACADEMIC TERM

### Winter, 2000

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Alvear, Karla | | Andrushkiv, Lyubou | |
| Andrushkiv, Myrolawa | | Baricke, Said | |
| Benitez, Adolit | | Benrahmar, Noureddine | |
| Boychak, Mariya | | Bravo, Catalina | |
| Brzezina, Agnieszka | | Buzaj, Tomasz | |
| Castillan, Yovana | | Ceja, Maribel | |
| Cintora, Juan | | Colon, Celines | |
| Cuaya, Maria | | Damian, Norma | |
| Damian, Norma | | DeLaFuente, Manuel | |
| DeLaFuente, Yohanis | | Delgado, Roberto | |
| Diaz, Cesar | | Duran, Jose | |
| Espinosa, Luis | | Espinoza, Jeannette | |
| Flores, Karla | | Flores, Wendy | |
| Gamboa, Azucena | | Gamboa, Daniel | |
| Gonzalez, Luisa | | Haffary, Zahia | |
| Hernandez, Griselda | | Hernandez, Kathia | |
| Herrera, Janny | | Khorfan, Ali | |
| Kubik, Roman | | Merlan, Jose | |
| Morales, Enrique | | Morales, Thelma | |
| Navas, Lorna | | Nesterovych, Andij | |
| Nunez, David | | Ornelas, Teodoro | |
| Pena, Luis | | Reyna, Maria | |
| Trzak, Agnieszka | | Reyes, Magdalena | |

### Spring, 2000

| Student Name | | Student Name | |
|---|---|---|---|
| Diaz, Blanca | | Garbat, Stanley | |
| Garcia, Ernesto | | Gonzalez, Gonzalo | |
| Kerdjoudj, Maamar | | Mendoza, Betzabe | |
| Murillo, Francisco | | Nietro, Raul | |
| Ramirez, Maria | | Robayo, Guillermo | |
| Selikhov, Konstantin | | Stephiowski, Tomaz | |
| Vysloukh, Roman | | Kellenberger, Carlos | |

MacCormac College
29 East Madison Street
Chicago, IL 60602

## ESL STUDENT LISTING BY ACADEMIC TERM

### Summer, 2000

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Almeido, Fabian | | Alvarez, Filiverta | |
| Alvarez, Maria | | Bairche, Said | |
| Barrios, Rosa | | Cisneros, Rebeca | |
| Cook, Waldina | | Cortes, Nidia | |
| DeLaFuente, Manuel | | DeLaFuente, Yohanis | |
| Duran, Jose | | Espinosa, Luis | |
| Flores, Lizandra | | Fundora, Mildred | |
| Garcia, Keila | | Gonzalez, Gonzalo | |
| Guallpa, Fabiola | | Haffary, Zahira | |
| Cantora, Juan | | Czekalski, Sabastian | |
| Flores, Hilda | | Palacios, Juan | |
| Almeida, Fabian | | Capo. Oscar | |
| Juarez, Linda | | Khorfan, Ali | |
| Kubik, Roman | | Lopez, Ramon | |
| Martinez, Felipe | | Mendoza, Betzabe | |
| Merlan, Jose | | Mora, Antonio | |
| Murrillo, Francisco | | Nowak, Iwona | |
| Olkhovyy, Andriy | | Ortiz, Leticia | |
| Perez, Mariana | | Perez, Yesenia | |
| Quevedo, Carlos | | Quevedo. Yolanda | |
| Quevedo, Jr., Carlos | | Ramirez, Jesus | |
| Sanchez, Darwin | | Selikhov, Konstantin | |
| Selikhov, Flona | | Strepniowski, Tomaz | |
| Torres. Luz | | Uribe, Nashelli | |
| Vysloukh, Roman | | | |

### Fall, 2000

| Student Name | | Student Name | |
|---|---|---|---|
| Alaniz, Vincenta | | Alvarez, Maria | |
| Argomaniz, Idalia | | Avila, Esmeralda | |
| Barrios, Rosa | | Cintora, Juan | |
| Cisneros, Rebeca | | Cobos, Atzimba | |
| Cook, Waldina | | Criollo, Marco | |
| Dempter, Nora | | Duran, Jose | |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

## ESL STUDENT LISTING BY ACADEMIC TERM

### Fall, 2000 (cont.)

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Espinosa, Luis | | Flores, Lizandra | |
| Estrada, Johnathan | | Fundora, Mildred | |
| Garcia, Keila | | Gonzalez, Virginia | |
| Guallpa, Fabiola | | Haffary, Zahira | |
| Hamand, Liliana | | Hernandez, Enrique | |
| Hernandez, Martha | | Herrera, Martha | |
| Jean-Baptiste, Fabiola | | Juarez, Linda | |
| Khorfan, Ali | | Lopez, Roman | |
| Martinez, Blanca | | Mendoza, Betzabe | |
| Micun, Justyna | | Montalvo, Rosa | |
| Nowell, Edna | | Olkhovgyn Andriy | |
| Ortega, Areli | | Osario, Diego | |
| Pahomov, Oleg | | Pahomov, Vira | |
| Papierz, Krystyna | | Pena, Ramona | |
| Perez, Christian | | Perez, Gladys | |
| Perez, Jose | | Perez, Mariana | |
| Perez, Yesenia | | Prajzner, Anna | |
| Quevedo, Carlos | | Quevedo, Yolanda | |
| Ramirez, Jesus | | Rincon, Juan | |
| Rivera, Beatrig | | Sanchez, Darwin | |
| Trinidad, Patricia | | Uribe, Nashelli | |
| Valencia, David | | | |

### Spring, 2001

| Student Name | S | Student Name | S |
|---|---|---|---|
| Alaniz, Vicenta | | Aldoco, Irene | |
| Aldana, Juan | | Alvarez, Maria | |
| Avila, Esmeralda | | Baiiche, Said | |
| Barrera, Maria | | Barrios, Rosa | |
| Becerra, Juan | | Boundaoui, Toufik | |
| Ciukaj, David | | Cobos, Atzimba | |
| Colindres, Jessica | | Contreras, Ana | |
| Cook, Waldina | | Criollo, Marco | |
| Cunalata, Rosa | | Dempter, Nora | |
| Duran, Jose | | scobar, Ana | |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

## ESL STUDENT LISTING BY ACADEMIC TERM

### Spring 2001 (cont.)

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Estrada, Angela | | Estrada. Johnathan | |
| Franco, Esperanza | | Fundora, Mildred | |
| Garcia, Ana | | Garcia, Beatriz | |
| Garcia, Elda | | Godinez, Jose | |
| Guerrero, Miguel | | Haffary, Zahia | |
| Hamand, Liliana | | Hernandez, Enrique | |
| Ibarra, Norma | | Ibarra, Rosalba | |
| Juarez, Linda | | Kasperek, Robert | |
| Kubik, Roman | | Lopez, Roman | |
| Martinez, Blanca | | Martinez, Iganacio | |
| Masoudi, Maha | | Masoudi, Mohd | |
| Micur, Justyna | | Montalvo, Rosa | |
| Mora, Antonio | | Navarrete, Juan | |
| Nesterovych, Andrij | | Nieves, Luis | |
| Pahomov, Oleg | | Pahomov, Vira | |
| Papierz. Krystyna | | Paredes, Sofia | |
| Pena, Romona | | Perez, Christian | |
| Perez, Gladys | | Perez, Jose | |
| Perez, Mariana | | Prajzner, Anna | |
| Quevedo, Jr., Carlos | | Quimbay, Carlos | |
| Ramirez, Jesus | | Rincon, Juan | |
| Rivera, Beatriz | | Rivera, Ulises | |
| Rodriguez, Monica | | Rojo, Guadalupe | |
| Saavedra, Brenda | | Sanchez, Darwin | |
| Segura, Rene | | Sotelo, Ofelia | |
| Szymanska, Malgorza | | Vazquez, Mireya | |
| Vences, Maria | | | |

### Summer, 2001

| Student Name | | Student Name | S |
|---|---|---|---|
| Baiiche, Said | | Barrera, Maria | |
| Colindres, Jessica | | Franco, Esperanza | |
| Garcia, Ana | | Ibarra, Rosalbo | |
| Inglada, Martha | | Lopez, Mauricio | |
| Medina, Maria | | Miranda, Norma | |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

## ESL STUDENT LISTING BY ACADEMIC TERM

### Summer, 2001 (cont.)

| Student Name | Social Security Number | Student Name | Social Security Number |
|---|---|---|---|
| Quevedo, Yolanda | | Rodriguez, Monica | |
| Saavedra, Brenda | | Segura, Rene | |
| Vargas, Carolina | | Vences, Maria | |
| Villamaria, Alejandro | | | |

### Fall, 2001

| Student Name | | Student Name | |
|---|---|---|---|
| Aguilar, Blanco | | Ambriz, Arnoldo | |
| Arcellano, Oswaldo | | Avila, Emilia | |
| Barrera, Doris | | Becerra, Juan | |
| Betancor, Jorge | | Cabellero, Rosario | |
| Cahue, Elisa | | Betancor, Jorge | |
| Casimiro, Maria | | Chavez, Kerea | |
| Cisneros, Marcos | | Colon, Hector | |
| Cortes, Laura | | Cruz, Paula | |
| Cunalata, Rosa | | Diaz, Junemarie | |
| Druzbacka, Marta | | Espinoza, Sandra | |
| Estrada, Jonathan | | Flores, Hilda | |
| Fuel, Gladys | | Fuel, Karina | |
| Fuel, Nestor | | Garcia, Sergio | |
| Godinez, Maria | | Gomez, Rogaciano | |
| Gonzalaez, Benjamin | | Gutierrez, Yajaira | |
| Hernandez, Maria | | Hererra, Teresita | |
| Izaguirre, Monica | | Jimenez, Sandy | |
| Lemus, Enrique | | Leyva, Maria | |
| Marc, Anna | | Martinez, Blanca | |
| Martinez, Ignacio | | Masoudi, Maha | |
| Mena, Maicol | | Micun, Justyna | |
| Nieves, Luis | | Olvera, Ana | |
| Pocheco, Arturo | | Ramirez, Gualberto | |
| Rivera, Patricia | | Salata, Jolanta | |
| Silva, Esther | | Soto. Noe | |
| Slyrczula, Jan | | Suarez, Roberto | |
| Urbina, Maria | | Valdez, Rosa | |
| Villa, Edith | | Montes, Elizabeth | |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# APPENDIX C

**ESL Only Program - Improper Disbursements by Term**

| MacCormac College - ESL Only Improper Disbursements Summer 1999 | | | | | | |
|---|---|---|---|---|---|---|
| Name | PELL | SEOG | Total Disb. | Disb Date | Liable To | Cost of Funds |
| Karla L. Alevar | $1,000 | $0 | $1,000 | 7/14/1999 | 2/13/2003 | $189.45 |
| Karla L. Alevar | $0 | $500 | $500 | 6/1/1999 | 2/13/2003 | $97.67 |
| Myroslawa Andrushki | $1,042 | $0 | $1,042 | 3/9/1999 | 2/13/2003 | $215.54 |
| Maria M. Arroyo | $383 | $0 | $383 | 7/29/1999 | 2/13/2003 | $71.77 |
| Maria M. Arroyo | $0 | $500 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Maribel Ceja | $1,000 | $0 | $1,000 | 8/20/1999 | 2/13/2003 | $184.38 |
| Maribel Ceja | $0 | $500 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Cesar Cruz | $1,000 | $0 | $1,000 | 8/20/1999 | 2/13/2003 | $184.38 |
| Cesar Cruz | $0 | $500 | $500 | 6/29/1999 | 2/13/2003 | $95.75 |
| Telma Delgado | $0 | $500 | $500 | 6/25/1999 | 2/13/2003 | $96.03 |
| Telma Delgado | $0 | $282 | $282 | 7/29/1999 | 2/13/2003 | $52.85 |
| Esdras Garcia | $983 | $0 | $983 | 6/8/1999 | 2/13/2003 | $191.08 |
| Esdras Garcia | $0 | $500 | $500 | 6/29/1999 | 2/13/2003 | $95.75 |
| Alma A. Flores | $1,042 | $0 | $1,042 | 7/14/1999 | 2/13/2003 | $197.41 |
| Karla M. Flores | $1,000 | $0 | $1,000 | 6/8/1999 | 2/13/2003 | $194.38 |
| Karla M. Flores | $0 | $500 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Griselda Hernandez | $1,000 | $0 | $1,000 | 6/8/1999 | 2/13/2003 | $194.38 |
| Griselda Hernandez | $0 | $500 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Gabriela Lerma | $1,000 | $0 | $1,000 | 6/8/1999 | 2/13/2003 | $194.38 |
| Gabriela Lerma | $1,000 | $0 | $1,000 | 6/25/1999 | 2/13/2003 | $192.05 |
| Gabriela Lerma | $0 | $500 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Gabriela Lerma | $0 | $500 | $500 | 6/29/1999 | 2/13/2003 | $95.75 |
| Sonia L. Maceado | $717 | $0 | $717 | 6/8/1999 | 2/13/2003 | $139.37 |
| Sonia L. Maceado | $0 | $500 | $500 | 6/29/1999 | 2/13/2003 | $95.75 |
| Thelma E. Morales | $1,042 | $0 | $1,042 | 7/29/1999 | 2/13/2003 | $195.27 |
| Thelma E. Morales | $0 | $500 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Edilberto Moreno | $1,000 | $0 | $1,000 | 6/8/1999 | 2/13/2003 | $194.38 |
| Edilberto Moreno | $681 | $0 | $681 | 7/14/1999 | 2/13/2003 | $129.02 |
| Edilberto Moreno | $0 | $1,000 | $1,000 | 6/21/1999 | 2/13/2003 | $192.60 |
| Teodoro L. Ornelas | $1,000 | $0 | $1,000 | 6/29/1999 | 2/13/2003 | $191.51 |
| Teodoro L. Ornelas | $0 | $500 | $500 | 7/14/1999 | 2/13/2003 | $94.73 |
| Luz E. Salgado | $1,042 | $0 | $1,042 | 8/20/1999 | 2/13/2003 | $192.13 |
| Alicia E. Sandoval | $850 | $0 | $850 | 6/21/1999 | 2/13/2003 | $163.71 |
| Alicia E. Sandoval | $0 | $500 | $500 | 7/14/1999 | 2/13/2003 | $94.73 |
| Hakan Tokis | $1,000 | $0 | $1,000 | 6/21/1999 | 2/13/2003 | $192.60 |
| Hakan Tokis | $0 | $500 | $500 | 6/8/1999 | 2/13/2003 | $97.19 |
| | $17,782 | $8,782 | $26,564 | | | $5,093.83 |

MacCormac College - ESL  Only Improper Disbursements Fall 1999

| Name | SSN | PELL | SEOG | Total Disb. | Disb Date | Liable To | Cost of Funds |
|---|---|---|---|---|---|---|---|
| Karla L. Alevar | 3 | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Lyes Boundaoui | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Lyubou Andrushkiv | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Myroslawa Andrushkiv | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $163.29 |
| Miguel A. Arroyo | | $759 | $0 | $759 | 10/20/1999 | 2/13/2003 | $133.60 |
| Yovana Castillo | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Celines Colon | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Maribel Ceja | | $1,042 | $0 | $1,042 | 12/1/1999 | 2/13/2003 | $177.43 |
| Juan M. Cintora | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Cesar Cruz | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Maria C. Cuaya | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Norma Damian | | $1,042 | $0 | $1,042 | 8/20/1999 | 2/13/2003 | $192.13 |
| Roberto Delgado | | $992 | $0 | $992 | 6/29/1999 | 2/13/2003 | $189.97 |
| Roberto Delgado | | $50 | $0 | $50 | 6/29/1999 | 2/13/2003 | $9.58 |
| Esdras Garcia | | $959 | $0 | $959 | 9/14/1999 | 2/13/2003 | $173.54 |
| Karla M. Flores | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Ramon Flores | | $1,042 | $0 | $1,042 | 12/1/1999 | 2/13/2003 | $177.43 |
| Wendy Flores | | $1,042 | $0 | $1,042 | 12/1/1999 | 2/13/2003 | $177.43 |
| Azucena Gamboa | | $992 | $0 | $992 | 10/20/1999 | 2/13/2003 | $174.62 |
| Daniel Gamboa | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Luisa Gonzalez | | $925 | $0 | $925 | 8/20/1999 | 2/13/2003 | $170.55 |
| Virginia Gonzalez | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Griselda Hernandez | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Sandy Jimenez | | $1,042 | $0 | $1,042 | 12/1/1999 | 2/13/2003 | $177.43 |
| Sonia L. Macedo | | $625 | $0 | $625 | 9/14/1999 | 2/13/2003 | $113.10 |
| David Nunez | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Teodoro L. Ornelas | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Luz E. Salgado | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Luz E. Salgado | | $1,042 | $0 | $1,042 | 10/20/1999 | 2/13/2003 | $183.42 |
| Francisco J. Santana | | $1,042 | $0 | $1,042 | 2/10/2000 | 2/13/2003 | $167.29 |
| Gloria E. Soto | | $984 | $0 | $984 | 9/14/1999 | 2/13/2003 | $178.06 |
| Yolanda Vasquez | | $1,042 | $0 | $1,042 | 12/1/1999 | 2/13/2003 | $177.43 |
| Yolanda Vasquez | | $1,042 | $0 | $1,042 | 9/14/1999 | 2/13/2003 | $188.56 |
| Diana Villegas | | $992 | $0 | $992 | 9/14/1999 | 2/13/2003 | $179.51 |
| Jorge Yugsi | | $959 | $0 | $959 | 12/1/1999 | 2/13/2003 | $163.29 |
| | | $34,287 | $0 | $34,287 | | | $6,065.21 |

| MacCormac College - ESL  Only Improper Disbursements Fall 1999 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | SSN | Stafford Loan | Disb Date | | PEL | SLOS | Form Disc Dur |
| Miguel A. Arroyo | | $261.90 | 11/11/1999 | | | | |
| Miguel A. Arroyo | | $261.90 | 11/16/1999 | | | | |
| Celines Colon | | $1,273.61 | 10/21/1999 | | | | |
| Celines Colon | | $1,272.64 | 10/21/1999 | | | | |
| Esdras Garcia | | $1,002.01 | 11/16/1999 | | | | |
| Esdras Garcia | | $1,002.01 | 11/16/1999 | | | | |
| Magdalena Reyes | | $1,273.61 | 1/25/2000 | | | | |
| | | $6,347.68 | | | | | |

| MacCormac College - ESL Only Improper Disbursements Winter 2000 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Total Disb. | Disb Date | Liable To | Cost of Funds |
| Karla L. Alevar | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Lyubou Andrushkiv | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Myroslawa Andrushkiv | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $163.29 |
| Said Baiiche | | $1,042 | $0 | $1,042 | 1/24/2000 | 2/13/2003 | $169.72 |
| Noureddine Benrahmar | | $1,042 | $0 | $1,042 | 7/11/2000 | 2/13/2003 | $145.59 |
| Maria Boychak | | $1,042 | $0 | $1,042 | 1/20/2000 | 2/13/2003 | $170.29 |
| Agnieszka J. Brzezina | | $1,042 | $0 | $1,042 | 1/20/2000 | 2/13/2003 | $170.29 |
| Thomasz Bugaj | | $1,042 | $0 | $1,042 | 3/23/2000 | 2/13/2003 | $161.30 |
| Yovana Castilla | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Maribel Ceja | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Juan M. Cintora | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Celines Colon | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Norma Damian | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Manuel De La Fuente | | $1,042 | $0 | $1,042 | 7/11/2000 | 2/13/2003 | $145.59 |
| Yohanis De La Fuente | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $154.59 |
| Roberto Delgado | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Cesar D. Diaz | | $1,042 | $0 | $1,042 | 1/2/2000 | 2/13/2003 | $172.86 |
| Karla M. Flores | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Luis A. Espinosa | | $1,042 | $0 | $1,042 | 1/2/2000 | 2/13/2003 | $172.86 |
| Wendy Flores | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Wendy Flores | | $1,042 | $0 | $1,042 | 1/31/2000 | 2/13/2003 | $168.72 |
| Azucena Gamboa | | $992 | $0 | $992 | 12/2/1999 | 2/13/2003 | $168.78 |
| Azucena Gamboa | | $992 | $0 | $992 | 1/31/2000 | 2/13/2003 | $160.62 |
| Daniel Gamboa | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Luisa Gonzalez | | $925 | $0 | $925 | 12/2/1999 | 2/13/2003 | $157.38 |
| Zahira Haffary | | $1,042 | $0 | $1,042 | 1/20/2000 | 2/13/2003 | $170.29 |
| Griselda Hernandez | | $1,042 | $0 | $1,042 | 1/24/2000 | 2/13/2003 | $169.72 |
| Ali S. Khorfan | | $1,042 | $0 | $1,042 | 1/24/2000 | 2/13/2003 | $169.72 |
| Enrique O. Morales | | $1,042 | $0 | $1,042 | 1/28/2000 | 2/13/2003 | $169.15 |
| Thelma E. Morales | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| David Nunez | | $1,042 | $0 | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Luis A. Pena | | $859 | $0 | $859 | 1/24/2000 | 2/13/2003 | $139.91 |
| Maria Reyna | | $1,042 | $0 | $1,042 | 3/23/2000 | 2/13/2003 | $161.30 |
| | | $33,986 | $0 | $33,986 | | | $5,566.62 |

| MacCormac College - ESL  Only Improper Disbursements Winter 2000 | | | |
| --- | --- | --- | --- |
| Name | SSN | Stafford Loan | Disb Date |
| Magdalena Reyes | | $1,272.64 | 12/15/1999 |
| | | $1,272.64 | |

| MacCormac College - ESL Only Improper Disbursements Spring 2000 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Total Disb. | Disb Date | Liable To | Cost of Funds |
| Vicenta Alaniz | | $725 | $0 | $725 | 7/11/2000 | 2/13/2003 | $94.05 |
| Lyubou Andrushkiv | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $182.02 |
| Myroslawa Andrushkiv | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $163.14 |
| Said Baiiche | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $163.29 |
| Noureddine Benrahmani | | $1,042 | $0 | $1,042 | 7/11/2000 | 2/13/2003 | $160.95 |
| Agnieszka J. Brzezina | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $182.19 |
| Thomasz Bugaj | | $1,042 | $0 | $1,042 | 3/23/2000 | 2/13/2003 | $161.30 |
| Maribel Ceja | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $163.14 |
| Juan M. Cintora | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $163.14 |
| Celines Colon | | $1,041 | $0 | $1,041 | 3/10/2000 | 2/13/2003 | $162.99 |
| Celines Colon | | $755 | $0 | $755 | 5/9/2000 | 2/13/2003 | $112.01 |
| Nidia L. Cortes | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $154.59 |
| Manuel De La Fuente | | $1,042 | $0 | $1,042 | 7/11/2000 | 2/13/2003 | $145.59 |
| Yohanis De La Fuente | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $154.59 |
| Roberto Delgado | | $1,041 | $0 | $1,041 | 3/10/2000 | 2/13/2003 | $181.85 |
| Blanca E. Diaz | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $154.59 |
| Blanca E. Diaz | | $903 | $0 | $903 | 6/6/2000 | 2/13/2003 | $130.50 |
| Cesar D. Diaz | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $163.29 |
| Cesar D. Diaz | | $749 | $0 | $749 | 5/9/2000 | 2/13/2003 | $111.12 |
| Luis A. Espinosa | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $163.29 |
| Karla M. Flores | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $182.02 |
| Mildred Fundora | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $171.74 |
| Daniel Gamboa | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $182.02 |
| Esdras Garcia | | $958 | $0 | $958 | 3/9/1999 | 2/13/2003 | $225.14 |
| Esdras Garcia | | $755 | $0 | $755 | 6/6/1999 | 2/13/2003 | $166.39 |
| Stanley Garbat | | $892 | $0 | $892 | 5/9/2000 | 2/13/2003 | $147.02 |
| Stanley Garbat | | $858 | $0 | $858 | 6/6/2000 | 2/13/2003 | $137.47 |
| Stanley Garbat | | $0 | $300 | $300 | 6/6/2000 | 2/13/2003 | $48.07 |
| Ernesto Garcia | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $171.74 |
| Gonzalo M. Gonzalez | | $1,025 | $0 | $1,025 | 5/9/2000 | 2/13/2003 | $168.94 |
| Zahira Haffary | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $182.19 |
| Griselda Hernandez | | $1,041 | $0 | $1,041 | 3/9/2000 | 2/13/2003 | $163.14 |
| Maamar Kerdjoudj | | $1,042 | $0 | $1,042 | 7/11/2000 | 2/13/2003 | $160.95 |
| Ali S. Khorfan | | $1,042 | $0 | $1,042 | 3/9/2000 | 2/13/2003 | $182.19 |
| Francisco Murillo | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $171.74 |
| Raul Nietro | | $492 | $0 | $492 | 5/9/2000 | 2/13/2003 | $81.09 |
| David Nunez | | $1,041 | $0 | $1,041 | 5/9/2000 | 2/13/2003 | $171.58 |
| Luis A. Pena | | $858 | $0 | $858 | 3/9/2000 | 2/13/2003 | $150.02 |
| Luis A. Pena | | $858 | $0 | $858 | 5/9/2000 | 2/13/2003 | $141.42 |
| Jesus I. Ramirez | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $171.74 |
| Maria Reyna | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $171.74 |
| Guillermo Robayo | | $1,042 | $0 | $1,042 | 5/9/2000 | 2/13/2003 | $171.74 |
| Ilona Selikhov | | $1,042 | $0 | $1,042 | 8/18/2000 | 2/13/2003 | $154.44 |
| Tomasz J. Stepniowski | | $1,025 | $0 | $1,025 | 5/9/2000 | 2/13/2003 | $168.94 |
| | | $42,103 | $300 | $42,403 | | | $6,911.14 |

| MacCormac College - ESL  Only Improper Disbursements Spring 2000 | | | |
|---|---|---|---|
| Name | SSN | Stafford Loan | Disb Date |
| Hilda E. Flores | | 1,070.88 | 7/24/2000 |
| Hilda E. Flores | | $1,070.88 | 7/24/2000 |
| | | $2,141.76 | |

MacCormac College - ESL Only Improper Disbursements Summer 2000

| Name | SSN | PELL | SEOG | Total Disb | Disb Date | Liable To | Cost of Funds |
|------|-----|------|------|-----------|-----------|-----------|---------------|
| Luis F. Almeida | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Luis F. Almeida | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Filiverta Alvarez | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Filiverta Alvarez | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Maria D.C. Alvarez | | $925 | $0 | $925 | 6/20/2000 | 2/13/2003 | $122.66 |
| Maria D.C. Alvarez | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Rebeca G. Cisneros | | $825 | $0 | $825 | 6/20/2000 | 2/13/2003 | $109.40 |
| Rebeca G. Cisneros | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Juan M. Cintora | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Waldina E. Cook | | $1,025 | $0 | $1,025 | 7/11/2000 | 2/13/2003 | $132.97 |
| Waldina E. Cook | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Nidia L. Cortes | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Nidia L. Cortes | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Manuel De La Fuente | | $1,041 | $0 | $1,041 | 7/11/2000 | 2/13/2003 | $135.04 |
| Manuel De La Fuente | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Yohanis De La Fuente | | $1,041 | $0 | $1,041 | 6/20/2000 | 2/13/2003 | $138.04 |
| Yohanis De La Fuente | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Luis A. Espinosa | | $1,041 | $0 | $1,041 | 7/25/2000 | 2/13/2003 | $133.05 |
| Luis A. Espinosa | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Mildred Fundora | | $1,042 | $0 | $1,042 | 6/27/2000 | 2/13/2003 | $137.17 |
| Mildred Fundora | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Keila J. Garcia | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Keila J. Garcia | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Gonzalo M. Gonzalez | | $1,025 | $0 | $1,025 | 7/25/2000 | 2/13/2003 | $131.00 |
| Gonzalo M. Gonzalez | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Fabiola P. Guallpa | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Fabiola P. Guallpa | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Zahira Haffary | | $1,041 | $0 | $1,041 | 6/20/2000 | 2/13/2003 | $138.04 |
| Zahira Haffary | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Linda E. Juarez | | $792 | $0 | $792 | 6/20/2000 | 2/13/2003 | $105.02 |
| Linda E. Juarez | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Ali S. Khorfan | | $1,041 | $0 | $1,041 | 6/20/2000 | 2/13/2003 | $138.04 |
| Ali S. Khorfan | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Ramon C. Lopez | | $1,042 | $0 | $1,042 | 9/18/2000 | 2/13/2003 | $125.33 |
| Ramon C. Lopez | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Felipe Martinez | | $48 | $0 | $48 | 7/25/2000 | 2/13/2003 | $6.13 |
| Felipe Martinez | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Antonio Mora | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Antonio Mora | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Francisco Murillo | | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Francisco Murillo | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Iwona J. Nowak | | $959 | $0 | $959 | 7/25/2000 | 2/13/2003 | $122.57 |
| Iwona J. Nowak | | $0 | $500 | $500 | 9/6/2000 | 2/13/2003 | $60.96 |
| Andriy Olkhovyy | | $1,042 | $0 | $1,042 | 9/18/2000 | 2/13/2003 | $125.33 |
| Andriy Olkhovyy | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Leticia Ortiz | | $1,042 | $0 | $1,042 | 9/18/2000 | 2/13/2003 | $125.33 |
| Leticia Ortiz | | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Cristian Perez | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Cristian Perez | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Mariana Perez | $925 | $0 | $925 | 7/25/2000 | 2/13/2003 | $118.22 |
| Mariana Perez | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Yesenia Perez | $925 | $0 | $925 | 7/25/2000 | 2/13/2003 | $118.22 |
| Yesenia Perez | $0 | $500 | $500 | 9/6/2000 | 2/13/2003 | $60.96 |
| Carlos A. Quevedo, Sr. | $1,042 | $0 | $1,042 | 5/25/2000 | 2/13/2003 | $141.88 |
| Carlos A. Quevedo, Sr. | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Jesus I. Ramirez | $1,042 | $0 | $1,042 | 6/20/2000 | 2/13/2003 | $138.17 |
| Jesus I. Ramirez | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Darwin Sanchez | $992 | $0 | $992 | 7/25/2000 | 2/13/2003 | $126.79 |
| Darwin Sanchez | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| Luz Torres | $1,042 | $0 | $1,042 | 8/18/2000 | 2/13/2003 | $129.75 |
| Luz Torres | $0 | $500 | $500 | 9/6/2000 | 2/13/2003 | $60.96 |
| Ilona Selikhov | $1,042 | $0 | $1,042 | 8/18/2000 | 2/13/2003 | $129.75 |
| Ilona Selikhov | $0 | $500 | $500 | 7/31/2000 | 2/13/2003 | $63.49 |
| Tomasz J. Stepniowski | $1,025 | $0 | $1,025 | 6/20/2000 | 2/13/2003 | $135.92 |
| Tomasz J. Stepniowski | $0 | $500 | $500 | 7/11/2000 | 2/13/2003 | $64.86 |
| | $31,343 | $16,500 | $47,843 | | | $6,196.59 |

| MacCormac College - ESL  Only Improper Disbursements Summer 2000 | | | |
|---|---|---|---|
| Name | SSN | Stafford Loan | Disb Date |
| Sebastian Czekalski | | $750.78 | 6/15/2000 |
| Sebastian Czekalski | | $749.81 | 6/15/2000 |
| Manuel De La Fuente | | $921.50 | 7/11/2000 |
| Juan C. Palacios | | $1,045.66 | 7/26/2000 |
| | | $3,467.75 | |

| Name | SSN | MacCormac College - ESL  Only Improper Disbursements Fall 2000 | | | | | |
|---|---|---|---|---|---|---|---|
| | | PELL | SEOG | Total Disb | Disb Date | Liable To | Cost of Funds |
| Vicenta Alaniz | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $206.09 |
| Vicenta Alaniz | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.35 |
| Maria D.C. Alvarez | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $203.65 |
| Maria D.C. Alvarez | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.35 |
| Esmeralda Avila | | $861 | $0 | $861 | 4/6/2001 | 2/13/2003 | $86.31 |
| Rebeca G. Cisneros | | $1,575 | $0 | $1,575 | 11/7/2000 | 2/13/2003 | $194.39 |
| Juan M. Cintora | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $203.65 |
| Atzimba Cobos | | $775 | $0 | $775 | 11/7/2000 | 2/13/2003 | $95.65 |
| Waldina E. Cook | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $203.65 |
| Marco T. Criollo | | $625 | $0 | $625 | 1/5/2001 | 2/13/2003 | $72.00 |
| Luis A. Espinosa | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Luis A. Espinosa | | $0 | $250 | $250 | 12/12/2000 | 2/13/2003 | $29.79 |
| Mildred Fundora | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $203.65 |
| Mildred Fundora | | $0 | $500 | $500 | 12/16/2000 | 2/13/2003 | $59.04 |
| Keila J. Garcia | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $165.95 |
| Virginia Gonzalez | | $671 | $0 | $671 | 4/4/2001 | 2/13/2003 | $67.49 |
| Fabiola P. Guallpa | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $203.65 |
| Fabiola P. Guallpa | | $30 | $0 | $30 | 4/4/2001 | 2/13/2003 | $3.02 |
| Zahira Haffary | | $1,650 | $0 | $1,650 | 3/1/2001 | 2/13/2003 | $175.17 |
| Liliana Hamand | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Ali S. Khorfan | | $1,375 | $0 | $1,375 | 4/4/2001 | 2/13/2003 | $138.29 |
| Martha T. Herrera | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Linda E. Juarez | | $1,475 | $0 | $1,475 | 1/5/2001 | 2/13/2003 | $169.93 |
| Ramon C. Lopez | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Rosa I. Montalvo | | $1,650 | $0 | $1,650 | 11/7/2000 | 2/13/2003 | $2ʋ3.65 |
| Andriy Olkhovyy | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Andriy Olkhovyy | | $0 | $250 | $250 | 12/12/2000 | 2/13/2003 | $29.66 |
| Areli Ortega | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Diego Osorio | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Oleg Pahomov | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Oleg Pahomov | | $0 | $250 | $250 | 4/4/2001 | 2/13/2003 | $25.14 |
| Vira Pahomov | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Vira Pahomov | | $0 | $250 | $250 | 4/4/2001 | 2/13/2003 | $25.14 |
| Krystyna Papierz | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Cristian Perez | | $1,425 | $0 | $1,425 | 1/5/2001 | 2/13/2003 | $164.17 |
| Gladys Perez | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $165.95 |
| Jose M. Perez | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Mariana Perez | | $1,625 | $0 | $1,625 | 1/5/2001 | 2/13/2003 | $187.21 |
| Yesenia Perez | | $1,475 | $0 | $1,475 | 1/5/2001 | 2/13/2003 | $169.93 |
| Anna M. Prajnezer | | $825 | $0 | $825 | 1/5/2001 | 2/13/2003 | $95.04 |
| Jesus I. Ramirez | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Jesus I. Ramirez | | $0 | $250 | $250 | 12/16/2000 | 2/13/2003 | $29.52 |
| Juan Rincon | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Beatriz A. Rivera | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Carlos A. Quevedo, Sr. | | $1,650 | $0 | $1,650 | 1/5/2001 | 2/13/2003 | $190.09 |
| Darwin Sanchez | | $1,325 | $0 | $1,325 | 1/5/2001 | 2/13/2003 | $152.65 |
| David Valencia | | $1,000 | $0 | $1,000 | 11/7/2000 | 2/13/2003 | $123.42 |
| | | $56,312 | $2,250 | $58,562 | | | $6,754.90 |

| MacCormac College - ESL  Only Improper Disbursements Fall 2000 | | | |
|---|---|---|---|
| Name | SSN | Stafford Loan | Disb Date |
| Marco T. Criollo | | $921.50 | 5/29/2001 |
| | | $921.50 | |

MacCormac College - ESL Only Improper Disbursements Spring 2001

| Name | SSN | PELL | SEOG | Total Disb | Disb Date | Liable To | Cost of Funds |
|------|-----|------|------|-----------|-----------|-----------|---------------|
| Vicenta Alaniz | | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Vicenta Alaniz | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Irene Aldaco | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Irene Aldaco | | $0 | $250 | $250 | 4/4/2001 | 2/13/2003 | $25.79 |
| Juan F. Aldana | | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Juan F. Aldana | | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Maria D.C. Alvarez | | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Maria D.C. Alvarez | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Esmeralda Avila | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Said Baiiche | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Said Baiiche | | $0 | $250 | $250 | 6/12/2001 | 2/13/2003 | $23.42 |
| Maria D.J. Barrera | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Maria D.J. Barrera | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Dawid J. Ciukaj | | $437 | $0 | $437 | 4/4/2001 | 2/13/2003 | $45.08 |
| Atzimba Cobos | | $775 | $0 | $775 | 2/9/2001 | 2/13/2003 | $85.67 |
| Jessica J. Colindres | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Jessica J. Colindres | | $0 | $250 | $250 | 6/6/2001 | 2/13/2003 | $23.63 |
| Waldina E. Cook | | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Marco T. Criollo | | $625 | $0 | $625 | 1/22/2001 | 2/13/2003 | $70.63 |
| Angela Estrada | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Angela Estrada | | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Esperanza Franco | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Esperanza Franco | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Mildred Fundora | | $1,650 | $0 | $1,650 | 2/12/2001 | 2/13/2003 | $181.73 |
| Mildred Fundora | | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Ana G. Garcia | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Ana G. Garcia | | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Beatriz Garcia | | $1,325 | $0 | $1,325 | 3/12/2001 | 2/13/2003 | $140.85 |
| Elda M. Garcia | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Elda M. Garcia | | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Jose A. Godinez | | $1,475 | $0 | $1,475 | 3/12/2001 | 2/13/2003 | $156.79 |
| Miguel A. Guerrero | | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Miguel A. Guerrero | | $0 | $250 | $250 | 4/6/2001 | 2/13/2003 | $25.72 |
| Zahira Haffary | | $1,650 | $0 | $1,650 | 3/1/2001 | 2/13/2003 | $177.88 |
| Liliana Hamand | | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Liliana Hamand | | $1,012 | $0 | $1,012 | 4/4/2001 | 2/13/2003 | $104.39 |
| Norma L. Ibarra | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Norma L. Ibarra | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Rosalba Ibarra | | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Rosalba Ibarra | | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Linda E. Juarez | | $1,475 | $0 | $1,475 | 1/22/2001 | 2/13/2003 | $166.70 |
| Robert Kasperek | | $1,025 | $0 | $1,025 | 3/12/2001 | 2/13/2003 | $108.96 |
| Ramon C. Lopez | | $1,650 | $0 | $1,650 | 2/12/2001 | 2/13/2003 | $181.73 |
| Ramon C. Lopez | | $1,517 | $0 | $1,517 | 4/4/2001 | 2/13/2003 | $156.48 |
| Rosa I. Montalvo | | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Antonio Mora | | $425 | $0 | $425 | 3/12/2001 | 2/13/2003 | $45.18 |
| Juan C. Navarrete | | $475 | $0 | $475 | 4/4/2001 | 2/13/2003 | $49.00 |

| | | | | | |
|---|---|---|---|---|---|
| Luis D. Nieves | $1,575 | $0 | $1,575 | 3/12/2001 | 2/13/2003 | $167.42 |
| Luis D. Nieves | $0 | $250 | $250 | 6/12/2001 | 2/13/2003 | $23.42 |
| Oleg Pahomov | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Oleg Pahomov | $0 | $250 | $250 | 4/4/2001 | 2/13/2003 | $25.79 |
| Vira Pahomov | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Vira Pahomov | $0 | $250 | $250 | 6/30/2001 | 2/13/2003 | $22.81 |
| Krystyna Papierz | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Krystyna Papierz | $1,650 | $0 | $1,650 | 2/12/2001 | 2/13/2003 | $181.73 |
| Sofia Paredes | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Sofia Paredes | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Cristian Perez | $1,425 | $0 | $1,425 | 1/22/2001 | 2/13/2003 | $161.04 |
| Gladys Perez | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Jose M. Perez | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Jose M. Perez | $1,650 | $0 | $1,650 | 2/9/2001 | 2/13/2003 | $182.40 |
| Mariana Perez | $1,625 | $0 | $1,625 | 1/22/2001 | 2/13/2003 | $183.65 |
| Anna M. Prajnezer | $825 | $0 | $825 | 1/22/2001 | 2/13/2003 | $93.24 |
| Carlos Quimbay | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Carlos Quimbay | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Jesus I. Ramirez | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Jesus I. Ramirez | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Juan Rincon | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Beatriz A. Rivera | $1,650 | $0 | $1,650 | 1/22/2001 | 2/13/2003 | $186.47 |
| Ulises Rivero | $1,325 | $0 | $1,325 | 3/12/2001 | 2/13/2003 | $140.85 |
| Monica Rodriguez | $1,325 | $0 | $1,325 | 4/4/2001 | 2/13/2003 | $136.67 |
| Guadalupe Rojo | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Guadalupe Rojo | $0 | $250 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Otelia Sotelo | $1,475 | $0 | $1,475 | 4/4/2001 | 2/13/2003 | $152.15 |
| Malgorzata M. Szymanska | $1,650 | $0 | $1,650 | 3/12/2001 | 2/13/2003 | $175.40 |
| Malgorzata M. Szymanska | $0 | $250 | $250 | 4/4/2001 | 2/13/2003 | $25.79 |
| Carolina Vargas | $475 | $0 | $475 | 6/14/2001 | 2/13/2003 | $44.38 |
| Carolina Vargas | $0 | $500 | $500 | 6/20/2001 | 2/13/2003 | $46.30 |
| Mireya M. Vazquez | $1,650 | $0 | $1,650 | 4/4/2001 | 2/13/2003 | $170.20 |
| Mireya M. Vazquez | $0 | $250 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| | $81,666 | $6,250 | $87,916 | | | $9,447.53 |

| MacCormac College - ESL  Only Improper Disbursements Spring 2001 | | | |
|---|---|---|---|
| Name | SSN | Stafford Loan | Disb. Date |
| Marco T. Criollo | | $921.50 | 5/29/2001 |
| Angela Estrada | | $1,273.61 | 5/11/2001 |
| Luis D. Nieves | | $1,273.61 | 6/21/2001 |
| | | $3,468.72 | |

| MacCormac College - ESL Only Improper Disbursements Summer 2001 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Total Disb. | Disb Date | Liable To | Cost of Funds |
| Said Baiiche | | $1,650 | $0 | $1,650 | 6/11/2001 | 2/13/2003 | $147.51 |
| Said Baiiche | | $0 | $250 | $250 | 6/12/2001 | 2/13/2003 | $22.31 |
| Maria D.J. Barrera | | $185 | $0 | $185 | 6/11/2001 | 2/13/2003 | $16.54 |
| Maria D.J. Barrera | | $0 | $250 | $250 | 6/6/2001 | 2/13/2003 | $22.55 |
| Jessica J. Colindres | | $1,397 | $0 | $1,397 | 6/4/2001 | 2/13/2003 | $126.50 |
| Jessica J. Colindres | | $1,397 | $0 | $1,397 | 6/12/2001 | 2/13/2003 | $124.66 |
| Jessica J. Colindres | | $0 | $250 | $250 | 6/6/2001 | 2/13/2003 | $22.55 |
| Esperanza Franco | | $1,650 | $0 | $1,650 | 6/4/2001 | 2/13/2003 | $149.40 |
| Esperanza Franco | | $0 | $250 | $250 | 6/4/2001 | 2/13/2003 | $22.64 |
| Ana G. Garcia | | $1,650 | $0 | $1,650 | 6/4/2001 | 2/13/2003 | $149.40 |
| Ana G. Garcia | | $0 | $250 | $250 | 6/4/2001 | 2/13/2003 | $22.64 |
| Rosalba Ibarra | | $1,650 | $0 | $1,650 | 6/13/2001 | 2/13/2003 | $146.96 |
| Rosalba Ibarra | | $0 | $250 | $250 | 6/4/2001 | 2/13/2003 | $22.64 |
| Martha Inglada | | $1,650 | $0 | $1,650 | 6/13/2001 | 2/13/2003 | $146.96 |
| Martha Inglada | | $0 | $500 | $500 | 6/20/2001 | 2/13/2003 | $43.96 |
| Maria G. Medina | | $917.00 | $0 | $917 | 6/28/2001 | 2/13/2003 | $79.41 |
| Maria G. Medina | | $0 | $500 | $500 | 6/20/2001 | 2/13/2003 | $43.96 |
| Norma Miranda | | $1,650 | $0 | $1,650 | 6/13/2001 | 2/13/2003 | $146.96 |
| Norma Miranda | | $0 | $500 | $500 | 6/20/2001 | 2/13/2003 | $43.96 |
| Luis D. Nieves | | $0 | $250 | $250 | 6/12/2001 | 2/13/2003 | $22.31 |
| Monica Rodriguez | | $287 | $0 | $287 | 6/12/2001 | 2/13/2003 | $25.61 |
| | | $14,083 | $3,250 | $17,333 | | | $1,549.43 |

| MacCormac College - ESL Only Improper Disbursements Fall 2001 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | | PELL | SEOG | Total Disb. | Disb Date | Liable To | Cost of Funds |
| Emilia Avila | | $700 | $0 | $700 | 10/18/2001 | 2/13/2003 | $47.73 |
| Emilia Avila | | $800 | $0 | $800 | 11/28/2001 | 2/13/2003 | $49.16 |
| Keren Chavez | | $1,875 | $0 | $1,875 | 12/14/2001 | 2/13/2003 | $110.29 |
| Keren Chavez | | $0 | $250 | $250 | 12/14/2001 | 2/13/2003 | $14.71 |
| Hector Colon | | $1,875 | $0 | $1,875 | 10/20/2001 | 2/13/2003 | $127.24 |
| Hector Colon | | $0 | $250 | $250 | 10/20/2001 | 2/13/2003 | $16.97 |
| Paula Cruz | | $1,875 | $0 | $1,875 | 12/20/2001 | 2/13/2003 | $108.44 |
| Paula Cruz | | $0 | $250 | $250 | 12/20/2001 | 2/13/2003 | $14.46 |
| Ana G. Garcia | | $1,875 | $0 | $1,875 | 12/20/2001 | 2/13/2003 | $108.44 |
| Ana G. Garcia | | $0 | $250 | $250 | 12/20/2001 | 2/13/2003 | $14.46 |
| Yajaira Gutierrez | | $1,407 | $0 | $1,407 | 12/14/2001 | 2/13/2003 | $82.76 |
| Yajaira Gutierrez | | $0 | $250 | $250 | 12/14/2001 | 2/13/2003 | $14.71 |
| Yajaira Gutierrez | | $468 | $0 | $468 | 12/21/2001 | 2/13/2003 | $26.99 |
| Rosalba Ibarra | | $1,800 | $0 | $1,800 | 11/28/2001 | 2/13/2003 | $110.61 |
| Martha Inglada | | $982.50 | $0 | $983 | 11/7/2000 | 2/13/2003 | $122.72 |
| Martha Inglada | | $0.00 | $131 | $131 | 11/7/2000 | 2/13/2003 | $16.36 |
| Sandy Jimenez | | $1,875 | $0 | $1,875 | 12/21/2001 | 2/13/2003 | $108.13 |
| Sandy Jimenez | | $0 | $250 | $250 | 12/21/2001 | 2/13/2003 | $14.42 |
| Maria G. Medina | | $900 | $0 | $900 | 2/13/2001 | 2/13/2003 | $97.92 |
| Luis D. Nieves | | $1,875 | $0 | $1,875 | 11/28/2001 | 2/13/2003 | $115.22 |
| Luis D. Nieves | | $0 | $250 | $250 | 11/28/2001 | 2/13/2003 | $15.36 |
| David Valencia | | $1,875 | $0 | $1,875 | 11/28/2001 | 2/13/2003 | $115.22 |
| David Valencia | | $0 | $250 | $250 | 11/28/2001 | 2/13/2003 | $15.36 |
| Edith Villa | | $1,875 | $0 | $1,875 | 12/20/2001 | 2/13/2003 | $108.44 |
| Edith Villa | | $0 | $250 | $250 | 12/20/2001 | 2/13/2003 | $14.46 |
| Jolanta K. Salata | | $1,875 | $0 | $1,875 | 10/24/2001 | 2/13/2003 | $126.01 |
| Jolanta K. Salata | | $0 | $250 | $250 | 10/24/2001 | 2/13/2003 | $16.80 |
| | | $23,933 | $2,381 | $26,314 | | | $1,733.41 |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# APPENDIX D

**ESL Courses Within Other Programs**

| MacCormac College - ESL/Other Coursework Summer 1999 | | | | | | |
|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds |
| Kathia Hernandez | | $1,000 | $0 | 7/14/1999 | 2/13/2003 | $189.45 |
| Kathia Hernandez | | $0 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Wendy Morales | | $1,042 | $0 | 10/20/1999 | 2/13/2003 | $183.42 |
| Wendy Morales | | $0 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| Loma R. Navas | | $784 | $0 | 7/14/1999 | 2/13/2003 | $148.53 |
| Loma R. Navas | | $0 | $500 | 6/21/1999 | 2/13/2003 | $96.30 |
| | | $2,826 | $1,500 | | | $810.31 |

| MacCormac College - ESL/Other Coursework Fall 1999 | | | | | | |
|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds |
| Jesus Echevarria | | $559 | $0 | 10/20/1999 | 2/13/2003 | $98.40 |
| Lizandra Flores | | $792 | $0 | 10/20/1999 | 2/13/2003 | $139.41 |
| Lizandra Flores | | $167 | $0 | 12/1/1999 | 2/13/2003 | $28.44 |
| Kathia Hernandez | | $1,042 | $0 | 9/14/1999 | 2/13/2003 | $188.56 |
| Roman Kubik | | $1,042 | $0 | 12/1/1999 | 2/13/2003 | $177.43 |
| Jose H. Merlan | | $925 | $0 | 12/1/1999 | 2/13/2003 | $157.50 |
| Loma R. Navas | | $1,042 | $0 | 7/11/2000 | 2/13/2003 | $145.59 |
| Andriy Nesterovych | | $1,042 | $0 | 10/20/1999 | 2/13/2003 | $183.42 |
| Agnieszka Trzak | | $1,042 | $0 | 10/20/1999 | 2/13/2003 | $183.42 |
| | | $7,653 | $0 | | | $1,302.17 |

| MacCormac College – ESL/Other Coursework Winter 2000 | | | | | |
|---|---|---|---|---|---|
| Name | | PELL | Disb. Date | Liable To | Cost of Funds |
| Jose Duran | | $1,025 | 1/20/2000 | 2/13/2003 | $167.51 |
| Kathia Hernandez | | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Roman Kubik | | $925 | 12/2/1999 | 2/13/2003 | $157.38 |
| Jose H. Merlan | | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Loma R. Navas | | $1,042 | 12/2/1999 | 2/13/2003 | $177.28 |
| Andriy Nesterovych | | $1,042 | 7/11/2000 | 2/13/2003 | $145.59 |
| Agnieszka Trzak | | $1,042 | 2/12/1999 | 2/13/2003 | $219.11 |
| Agnieszka Trzak | | $1,042 | 1/31/2000 | 2/13/2003 | $168.72 |
| | | $8,202 | | | $1,390.15 |

## MacCormac College - ESL/Other Coursework Spring 2000

| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds | Stafford Loan |
|------|-----|------|------|-----------|-----------|---------------|---------------|
| Jose Duran | | $1,025 | $0 | 3/9/2000 | 2/13/2003 | $160.63 | $0 |
| Lizandra Flores | | $625 | $0 | 3/9/2000 | 2/13/2003 | $97.95 | $881.73 |
| Enrique Hernandez | | $0 | $400 | 9/6/2000 | 2/13/2003 | $52.77 | $0 |
| Kathia Hernandez | | $1,041 | $0 | 3/9/2000 | 2/13/2003 | $163.14 | $0 |
| Carlos A. Kellenberger | | $0 | $0 | 5/17/2000 | 2/13/2003 | $0.00 | $2,134 |
| Roman Kubik | | $1,041 | $0 | 3/9/2000 | 2/13/2003 | $163.14 | $0 |
| Betzabe L. Mendoza | | $1,042 | $0 | 5/9/2000 | 2/13/2003 | $154.59 | $0 |
| Jose H. Merlan | | $925 | $0 | 3/9/2000 | 2/13/2003 | $144.96 | $0 |
| Lorna R. Navas | | $1,041 | $0 | 5/9/2000 | 2/13/2003 | $154.44 | $0 |
| Andriy Nesterovych | | $286 | $0 | 7/11/2000 | 2/13/2003 | $39.96 | $0 |
| Carlos A. Quevedo, Jr. | | $1,042 | $0 | 5/25/2000 | 2/13/2003 | $152.30 | $0 |
| Konstantin Seilkhov | | $1,042 | $0 | 8/18/2000 | 2/13/2003 | $140.17 | $0 |
| Roman M. Vysloukh | | $1,042 | $0 | 5/9/2000 | 2/13/2003 | $154.59 | $3,015.73 |
| | | $10,152 | $400 | | | $1,578.62 | |

| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds | Stafford Loan |
|---|---|---|---|---|---|---|---|
| **MacCormac College - ESL/Other Coursework Summer 2000** | | | | | | | |
| Oscar A. Capo | | $1,042 | $0 | 7/11/2000 | 2/13/2003 | $145.59 | $0 |
| Oscar A. Capo | | $0 | $500 | 7/31/2000 | 2/13/2003 | $68.49 | $0 |
| Jose Duran | | $1,025 | $0 | 7/25/2000 | 2/13/2003 | $141.25 | $0 |
| Jose Duran | | $0 | $500 | 7/31/2000 | 2/13/2003 | $68.49 | $0 |
| Lizandra Flores | | $625 | $0 | 6/20/2000 | 2/13/2003 | $89.13 | $0 |
| Lizandra Flores | | $0 | $500 | 7/11/2000 | 2/13/2003 | $69.86 | $0 |
| Lizandra Flores | | $0 | $0 | 7/11/2000 | 2/13/2003 | $0.00 | -$460.75 |
| Lizandra Flores | | $0 | $0 | 7/11/2000 | 2/13/2003 | $0.00 | $460.75 |
| Roman Kubik | | $0 | $500 | 7/11/2000 | 2/13/2003 | $69.86 | $0 |
| Betzabe L. Mendoza | | $1,042 | $0 | 7/25/2000 | 2/13/2003 | $143.60 | $0 |
| Betzabe L. Mendoza | | $0 | $500 | 7/31/2000 | 2/13/2003 | $68.49 | $0 |
| Jose H. Merlan | | $0 | $500 | 7/11/2000 | 2/13/2003 | $69.86 | $921.50 |
| Carlos A. Quevedo, Jr. | | $1,042 | $0 | 7/11/2000 | 2/13/2003 | $145.59 | |
| Carlos A. Quevedo, Jr. | | $0 | $500 | 7/11/2000 | 2/13/2003 | $69.86 | |
| Yolanda D. Quevedo | | $1,042 | $0 | 5/25/2000 | 2/13/2003 | $152.30 | |
| Yolanda D. Quevedo | | $0 | $500 | 7/11/2000 | 2/13/2003 | $69.86 | |
| Konstantin Selikhov | | $1,042 | $0 | 8/18/2000 | 2/13/2003 | $140.17 | |
| Konstantin Selikhov | | $0 | $500 | 7/31/2000 | 2/13/2003 | $68.49 | |
| Nashelli W. Uribe | | $1,042 | $0 | 7/25/2000 | 2/13/2003 | $143.60 | |
| Nashelli W. Uribe | | $0 | $500 | 7/31/2000 | 2/13/2003 | $68.49 | |
| Roman M. Vysloukh | | $1,042 | $0 | 6/20/2000 | 2/13/2003 | $148.59 | |
| Roman M. Vysloukh | | $0 | $500 | 7/11/2000 | 2/13/2003 | $69.86 | |
| | | $8,944 | $5,000 | | | $2,011.47 | |

| MacCormac College - ESL/Other Coursework Fall 2000 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds | Stafford Loan |
| Idalia Argomaniz | | $1,650 | $0 | 11/7/2000 | 2/13/2003 | $203.65 | $0 |
| Johnatan O. Carbonel | | $1,650 | $0 | 4/6/2000 | 2/13/2003 | $252.25 | $0 |
| Nora F. Dempster | | $225 | $0 | 11/7/2000 | 2/13/2003 | $27.77 | $0 |
| Jose Duran | | $1,650 | $0 | 11/7/2000 | 2/13/2003 | $203.65 | $0 |
| Jose Duran | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 | $363.75 |
| Lizandra Flores | | $1,650 | $0 | 11/7/2000 | 2/13/2003 | $203.65 | $0 |
| Enrique Hernandez | | $1,650 | $0 | 11/7/2000 | 2/13/2003 | $203.65 | $0 |
| Enrique Hernandez | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 | $0 |
| Blanca L. Martinez | | $1,650 | $0 | 11/3/2000 | 2/13/2003 | $204.55 | $0 |
| Betzabe L. Mendoza | | $1,042 | $0 | 1/5/2001 | 2/13/2003 | $120.19 | $0 |
| Justyna Micun | | $1,650 | $0 | 1/5/2001 | 2/13/2003 | $190.32 | $0 |
| Justyna Micun | | $0 | $250 | 4/6/2001 | 2/13/2003 | $25.72 | $0 |
| Ramona Pena | | $1,650 | $0 | 1/5/2001 | 2/13/2003 | $190.32 | $0 |
| Carlos A. Quevedo, Jr. | | $1,650 | $0 | 1/5/2001 | 2/13/2003 | $190.32 | $0 |
| Carlos A. Quevedo, Jr. | | $0 | $250 | 12/16/2000 | 2/13/2003 | $29.52 | $0 |
| Yolanda D. Quevedo | | $1,650 | $0 | 2/9/2001 | 2/13/2003 | $182.40 | $363.75 |
| Nashelli W. Uribe | | $1,650 | $0 | 1/5/2001 | 2/13/2003 | $190.32 | |
| | | 19,417 | $1,000 | | | $2,470.18 | |

## MacCormac College - ESL/Other Coursework Spring 2001

| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds |
|------|-----|------|------|-----------|-----------|---------------|
| Juan C. Becerra | | $1,650 | $0 | 4/4/2001 | 2/13/2003 | $170.20 |
| Juan C. Becerra | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Johnatan O. Carbonell | | $1,650 | $0 | 4/6/2001 | 2/13/2003 | $169.75 |
| Rosa G. Cunalata | | $825 | $0 | 3/12/2001 | 2/13/2003 | $87.70 |
| Nora F. Dempster | | $225 | $0 | 3/30/2001 | 2/13/2003 | $23.36 |
| Jose Duran | | $1,650 | $0 | 2/9/2001 | 2/13/2003 | $182.40 |
| Jose Duran | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Enrique Hernandez | | $1,650 | $0 | 2/9/2001 | 2/13/2003 | $182.40 |
| Enrique Hernandez | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Roman Kubik | | $1,525 | $0 | 3/12/2001 | 2/13/2003 | $162.11 |
| Blanca L. Martinez | | $1,650 | $0 | 3/12/2001 | 2/13/2003 | $175.40 |
| Blanca L. Martinez | | $0 | $250 | 6/19/2001 | 2/13/2003 | $23.18 |
| Ignacio Martinez | | $1,650 | $0 | 3/12/2001 | 2/13/2003 | $175.40 |
| Ignacio Martinez | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Maha Yi Masoudi | | $1,650 | $0 | 3/12/2001 | 2/13/2003 | $175.40 |
| Maha Yi Masoudi | | $0 | $250 | 6/30/2001 | 2/13/2003 | $22.81 |
| Mohd A. Maswadi | | $0 | $250 | 6/30/2001 | 2/13/2003 | $22.81 |
| Justyna Micun | | $1,650 | $0 | 1/22/2001 | 2/13/2003 | $186.47 |
| Justyna Micun | | $0 | $250 | 4/4/2001 | 2/13/2003 | $25.79 |
| Andriy Nesterovych | | $1,650 | $0 | 4/4/2001 | 2/13/2003 | $170.20 |
| Andriy Nesterovych | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 |
| Ramona Pena | | $1,650 | $0 | 1/22/2001 | 2/13/2003 | $186.47 |
| Ramona Pena | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 |
| Carlos A. Quevedo, Jr | | $1,650 | $0 | 3/12/2001 | 2/13/2003 | $175.40 |
| Carlos A. Quevedo, Jr. | | $0 | $250 | 3/12/2001 | 2/13/2003 | $26.58 |
| Brenda Saavedra | | $1,650 | $0 | 4/4/2001 | 2/13/2003 | $170.20 |
| Brenda Saavedra | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 |
| Rene Segura | | $1,650 | $0 | 4/4/2001 | 2/13/2003 | $170.20 |
| Rene Segura | | $0 | $250 | 3/30/2001 | 2/13/2003 | $25.96 |
| Maria D. C. Vences | | $1,125 | $0 | 4/4/2001 | 2/13/2003 | $116.04 |
| Maria D. C. Vences | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 |
| | | $25,150 | $3,250 | | | $3,024.58 |

| MacCormac College - ESL/Other Coursework Summer 2001 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds | Stafford Loan |
| Juan C. Becerra | | $1,650 | $0 | 6/4/2001 | 2/13/2003 | $156.41 | $0 |
| Juan C. Becerra | | $0 | $250 | 6/4/2001 | 2/13/2003 | $23.70 | $0 |
| Nora F. Dempster | | $0 | $66 | 6/6/2001 | 2/13/2003 | $6.24 | $0 |
| Bianca L. Martinez | | $0 | $250 | 6/19/2001 | 2/13/2003 | $23.18 | $0 |
| Andriy Nesterovych | | $253 | $0 | 6/11/2001 | 2/13/2003 | $23.74 | $0 |
| Andriy Nesterovych | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 | $0 |
| Ramona Pena | | $0 | $66 | 6/6/2001 | 2/13/2003 | $6.24 | $0 |
| Yolanda D. Quevedo | | $1,650 | $0 | 6/12/2001 | 2/13/2003 | $154.60 | $0 |
| Brenda Saavedra | | $253 | $0 | 6/11/2001 | 2/13/2003 | $23.74 | $1,273.61 |
| Brenda Saavedra | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 | $1,273.61 |
| Rene Segura | | $1,650 | $0 | 6/13/2001 | 2/13/2003 | $154.38 | $0 |
| Rene Segura | | $0 | $250 | 6/4/2001 | 2/13/2003 | $23.70 | $0 |
| Maria D. C. Vences | | $114 | $0 | 6/12/2001 | 2/13/2003 | $10.68 | $0 |
| Maria D. C. Vences | | $0 | $250 | 6/6/2001 | 2/13/2003 | $23.63 | $0 |
| Alejandro Villamarin | | $1,075 | $0 | 6/18/2001 | 2/13/2003 | $99.84 | $2,547.22 |
| Alejandro Villamarin | | $0 | $233 | 6/30/2001 | 2/13/2003 | $21.26 | |
| | | $6,645 | $1,632 | | | $798.60 | |

MacCormac College - ESL/Other Coursework Fall 2001

| Name | SSN | PELL | SEOG | Disb. Date | Liable To | Cost of Funds | Stafford Loan |
|------|-----|------|------|------------|-----------|---------------|---------------|
| Blanca P. Aguilar | | $1,700 | $0 | 10/18/2001 | 2/13/2003 | $129.48 | $0 |
| Arnoldo Ambriz | | $1,875 | $0 | 12/19/2001 | 2/13/2003 | $126.88 | $0 |
| Arnoldo Ambriz | | $0 | $250 | 12/19/2001 | 2/13/2003 | $16.92 | $0 |
| Oswaldo Arellano | | $1,875 | $0 | 10/24/2001 | 2/13/2003 | $141.27 | $0 |
| Oswaldo Arellano | | $0 | $250 | 10/24/2001 | 2/13/2003 | $18.84 | $0 |
| Doris Barrera | | $1,875 | $0 | 12/20/2001 | 2/13/2003 | $126.63 | $0 |
| Doris Barrera | | $0 | $250 | 12/20/2001 | 2/13/2003 | $16.88 | $0 |
| Juan C. Becerra | | $1,875 | $0 | 10/18/2001 | 2/13/2003 | $142.81 | $0 |
| Juan C. Becerra | | $0 | $250 | 10/18/2001 | 2/13/2003 | $19.04 | $0 |
| Johnatan O. Carbonell | | $1,650 | $0 | 1/30/2002 | 2/13/2003 | $102.16 | $0 |
| Maria D. C. Casimiro | | $1,200 | $0 | 1/16/2002 | 2/13/2003 | $76.60 | $0 |
| Elisa Cahue | | $1,250 | $0 | 11/27/2001 | 2/13/2003 | $88.36 | $0 |
| Marco Cisneros | | $1,850 | $0 | 11/27/2001 | 2/13/2003 | $130.77 | $0 |
| Laura V. Cortes | | $1,875 | $0 | 11/27/2001 | 2/13/2003 | $132.53 | $0 |
| Laura V. Cortes | | $0 | $250 | 11/27/2001 | 2/13/2003 | $17.67 | $0 |
| Rosa G. Cunalata | | $1,875 | $0 | 1/7/2002 | 2/13/2003 | $122.00 | $0 |
| Rosa G. Cunalata | | $0 | $250 | 1/7/2002 | 2/13/2003 | $16.27 | $0 |
| Junemarie Diaz | | $1,875 | $0 | 11/27/2001 | 2/13/2003 | $132.53 | $0 |
| Junemarie Diaz | | $0 | $250 | 11/27/2001 | 2/13/2003 | $17.67 | $0 |
| Marta Druzbacka | | $1,875 | $0 | 3/6/2002 | 2/13/2003 | $107.11 | $0 |
| Marta Druzbacka | | $0 | $250 | 3/6/2002 | 2/13/2003 | $14.28 | $0 |
| Sandra Espinoza | | $1,875 | $0 | 11/13/2001 | 2/13/2003 | $136.13 | $0 |
| Sandra Espinoza | | $0 | $250 | 11/13/2001 | 2/13/2003 | $18.15 | $0 |
| Gladys D.J. Fuel | | $1,875 | $0 | 1/15/2002 | 2/13/2003 | $119.95 | $0 |
| Gladys D.J. Fuel | | $0 | $250 | 1/15/2002 | 2/13/2003 | $15.99 | $0 |
| Karina Fuel | | $1,875 | $0 | 2/4/2002 | 2/13/2003 | $114.81 | $0 |
| Karina Fuel | | $0 | $250 | 2/4/2002 | 2/13/2003 | $15.31 | $0 |
| Nestor V. Fuel | | $1,875 | $0 | 12/20/2001 | 2/13/2003 | $126.63 | $0 |
| Nestor V. Fuel | | $0 | $250 | 12/20/2001 | 2/13/2003 | $16.88 | $0 |
| Maria Godinez | | $1,407 | $0 | 1/30/2002 | 2/13/2003 | $87.12 | $0 |
| Maria Godinez | | $0 | $250 | 1/30/2002 | 2/13/2003 | $15.48 | $0 |
| Benjamin Gonzalez | | $1,875 | $0 | 12/20/2001 | 2/13/2003 | $126.63 | $0 |
| Benjamin Gonzalez | | $0 | $250 | 12/20/2001 | 2/13/2003 | $16.88 | $0 |
| Teresita Herrera | | $1,875 | $0 | 10/18/2001 | 2/13/2003 | $142.81 | $0 |
| Teresita Herrera | | $0 | $250 | 10/18/2001 | 2/13/2003 | $19.04 | $0 |
| Enrique Lemus | | $1,875 | $0 | 11/27/2001 | 2/13/2003 | $132.53 | $0 |
| Enrique Lemus | | $0 | $250 | 11/27/2001 | 2/13/2003 | $17.67 | $0 |
| Blanca L. Martinez | | $1,875 | $0 | 2/20/2002 | 2/13/2003 | $110.70 | $0 |
| Blanca L. Martinez | | $0 | $250 | 2/20/2002 | 2/13/2003 | $14.76 | $0 |
| Ignacio Martinez | | $1,875 | $0 | 12/20/2001 | 2/13/2003 | $126.63 | $0 |
| Ignacio Martinez | | $0 | $250 | 12/20/2001 | 2/13/2003 | $16.88 | $0 |
| Maha Yi Masoudi | | $1,650 | $0 | 1/17/2002 | 2/13/2003 | $105.10 | $0 |
| Maha Yi Masoudi | | $0 | $250 | 1/17/2002 | 2/13/2003 | $15.92 | $0 |
| Mohd A. Maswadi | | $0 | $250 | 3/15/2001 | 2/13/2003 | $26.47 | $0 |
| Maicol Mena | | $1,875 | $0 | 12/12/2001 | 2/13/2003 | $128.68 | $0 |
| Maicol Mena | | $0 | $250 | 12/12/2001 | 2/13/2003 | $17.16 | $0 |
| Elizabeth Montes | | $1,875 | $0 | 10/18/2001 | 2/13/2003 | $142.81 | $0 |

| Name | | | | | | |
|---|---|---|---|---|---|---|
| Elizabeth Montes | $0 | $250 | 10/18/2001 | 2/13/2003 | $19.04 | $0 |
| Ana S. Olvera | $1,875 | $0 | 12/12/2001 | 2/13/2003 | $128.68 | $0 |
| Ana S. Olvera | $0 | $250 | 12/12/2001 | 2/13/2003 | $17.16 | $0 |
| Justyna Micun | $1,875 | $0 | 12/11/2001 | 2/13/2003 | $128.94 | $0 |
| Justyna Micun | $0 | $250 | 12/11/2001 | 2/13/2003 | $17.19 | $0 |
| Arturo J. Pacheco | $1,875 | $0 | 12/20/2001 | 2/13/2003 | $126.63 | $0 |
| Arturo J. Pacheco | $0 | $250 | 12/20/2001 | 2/13/2003 | $16.88 | $0 |
| Yolanda D. Quevedo | $1,875 | $0 | 12/7/2001 | 2/13/2003 | $129.97 | $0 |
| Yolanda D. Quevedo | $0 | $250 | 12/7/2001 | 2/13/2003 | $17.33 | $0 |
| Gualberto Ramirez | $1,875 | $0 | 12/21/2001 | 2/13/2003 | $126.37 | $0 |
| Gualberto Ramirez | $0 | $250 | 12/21/2001 | 2/13/2003 | $16.85 | $0 |
| Paticia Rivera | $1,875 | $0 | 2/13/2002 | 2/13/2003 | $112.50 | $0 |
| Paticia Rivera | $0 | $250 | 2/13/2002 | 2/13/2003 | $15.00 | $0 |
| Rene Segura | $1,875 | $0 | 12/5/2001 | 2/13/2003 | $130.48 | $1,273.61 |
| Rene Segura | $0 | $250 | 12/5/2001 | 2/13/2003 | $17.40 | $0 |
| Esther Silva | $1,550 | $0 | 10/24/2001 | 2/13/2003 | $116.78 | $0 |
| Roberto O. Suarez | $550 | $0 | 11/21/2001 | 2/13/2003 | $39.33 | $1,273.61 |
| Rosa Valdez | $1,350 | $0 | 1/17/2002 | 2/13/2003 | $85.99 | $0 |
| Alejandro Villamarin | $1,875 | $0 | 1/16/2002 | 2/13/2003 | $119.69 | $0 |
| Alejandro Villamarin | $0 | $250 | 1/16/2002 | 2/13/2003 | $15.96 | $0 |
| | $64,782 | $7,500 | | | $4,922.00 | $2,547.22 |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

## APPENDIX E

**ESL Students Who Demonstrated Intent To Seek A Degree Or Certificate**

| STUDENT NUMBER | NAME | SOCIAL SECURITY NUMBER |
|---|---|---|
| 1 | Bentacor, Jose | |
| 2 | Contreras, Ana | |
| 3 | Garcia, Sergio | |
| 4 | Lopez, Mauricio B. | |
| 5 | Marc, Ana | |
| 6 | Soto, Noe | |
| 7 | Styrczula, Jan S. | |

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# ATTACHMENT A

# Administrative Cost of Allowance (ACA) for Finding #1

Attachment A

MacCormac College
PRCN 200220519614
Finding #1

The total Administrative Cost of Allowance (ACA) (rounded) due back to the Department for the aggregate improper FSEOG disbursements for this finding is **$3,000.00**.

The total FSEOG improper disbursements for this finding totaled **$59,995.00**.

ACA = 5% of the first $2,7500,000 of a school's expenditures under the campus-based programs.

$59,995 x 5% = $2,999.75 ($3,000.00 rounded).

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# ATTACHMENT B

# Estimated FFEL Liability for Finding #1

2 Yr Pub Priv

## 2 YEAR PUBLIC OR PRIVATE INSTITUTION

| INSTITUTION NAME | MacCormac College OPE ID: 00171600  PRCN:200220519614 |
|---|---|

| | |
|---|---|
| $27,014 | FFEL - Ineligible Subsidized |
| | FFEL - Ineligible Unsubsidized |
| | Direct Loan - Ineligible Subsidized |
| | Direct Loan - Ineligible Unsubsidized |
| | Default Rate (25% = .25) |

**FFEL**

| | |
|---|---|
| $3,377 | Estimated Subsidized Default |
| $0 | Estimated Unsubsidized Default |
| $5,164 | Estimated Subsidies - Disbursement to Repayment |
| $46 | Estimated Special Allowance - Repayment to Default |
| $510 | Estimated Special Allowance - Repayment to PIF |
| **$9,097** | **Estimated FFEL Liability** |

**Direct Loans**

| | |
|---|---|
| $0 | Estimated Subsidized Default |
| $0 | Estimated Unsubsidized Default |
| $0 | Estimated Subsidies - Disbursement to Repayment |
| **$0** | **Estimated Direct Loan Liability** |

| | |
|---|---|
| **$9,097** | **Estimated Total Liability (FFEL + Direct Loan)** |

The Total Estimated Liability above is the Department's estimate of the actual loss to the Department that has or will result from the ineligible loans made by your institution.

Estimated defaults are calculated using the most appropriate cohort default rate published by the Department.

For FFEL, the Department's loss for excess subsidies paid to lenders for ineligible loans is estimated by using the average number of days from:

>disbursement to repayment
>repayment to default, and
>repayment to paid in full

For Direct Loans, the Department's loss for excess subsidies paid on ineligible loans is estimated using the average number of days from disbursement to repayment.

The averages used are based on school type, and are taken from historical information supplied to the Department from all guarantee agencies.

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# ATTACHMENT C

# FSEOG Liability for Finding #3

Attachment C
MacCormac College
PRCN 200220519614
Finding #3

| NAME | | SEOG DISB. | DISB. DATE | LIABLE TO | COST OF FUNDS |
|---|---|---|---|---|---|
| Maria Aranda | } | $1,500 | 6/25/1999 | 2/13/2003 | $288.08 |
| Erica Avila | } | $500 | 6/25/1999 | 2/13/2003 | $96.03 |
| Richelle Pierce | 2 | $250 | 6/14/2001 | 2/13/2003 | $23.36 |

The total Cost of funds (rounded) due back to the Department for this finding totaled to **$407.00**.

MacCormac College is also liable for the Administrative Cost of Allowance (ACA) for the aggregate improper disbursements above in the amount of **$125.00**.

| Finding #3 | SSN | Amount |
|---|---|---|
| Maria Aranda (Student #1) | 5 | $1,500.00 |
| Erica Avila (Student #2) | } | $1,000.00 |
| Richelle Pierce (Student #45) | 2 | $  250.00 |
| | | $2,750.00 |

ACA = 5% of the first $2,7500,000 of a school's expenditures under the campus-based programs.

$2,750.00 x 5% = **$125.00**

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# ATTACHMENT D

# FFEL Unsubsidized Liability for Finding #4

**Attachment D**

MacCormac College
PRCN 200220519614

| | SSN | Amount |
|---|---|---|
| Finding #4 | | |
| Nicky McTush (Student #15) | | $1,940.00 |

The $1940.00 FFEL Unsubsidized improper disbursement must be repaid to the FFEL holder of the promissory notes.

**MacCormac College**
**29 East Madison Street**
**Chicago, IL 60602**

# ATTACHMENT E

# Department of Education Fed Wire EFT Message Format & Instructions

## DEPARTMENT OF EDUCATION
## FEDWIRE EFT MESSAGE FORMAT & INSTRUCTIONS

| 021030004 | Type/Sub-Type | |
|---|---|---|
| Sender No. | Sender Ref. No. | Amount ① |

Sender Name  (Automatically inserted by the Federal Reserve Bank)

Treasury Department Name/CTR/

TREAS NYC/CTR/

BNF=ED/AC-12400001 OBI=

Name/City/State:
②

| EIN/PIN: ③ | AGENCY CODE: | · 60 |

FOR:
④

INSTRUCTIONS

A. The recipient completes circled items 1-4 above as follows:

①     Indicate amount including cents digits.

②     Indicate recipient's institution name, city and state

③     Indicate EIN and PIN separating them with a slash ( / ).

④     Indicate reason for remittance. For example, "Audit Control No. _____", or "Program Review No. _____".

B. Provide the sending Bank with a copy of the completed form above. The above form contains other information the bank will need to transmit the FEDWIRE message.

Ex. D

SETTLEMENT AGREEMENT

MacCormac College, OPE ID # 00171600, located in Chicago Illinois, and the United States Department of Education (ED) enter into this Agreement for the purpose of settling the asserted liability set forth in the final program review determination dated June 23, 2003 issued by Federal Student Aid (FSA) and appealed by the MacCormac College in the proceeding In the Matter of MacCormac College, Docket No. 03-79-SP, PRCN: 200220519614. The parties agree to settle this proceeding under the following terms and conditions.

I

A. FSA sent MacCormac College a final program review determination dated June 23, 2003 in which FSA found, with regard to Findings 1, 3, and 4, that MacCormac College had made improper disbursements to students in award years 1999-2000, 2000-2001, and 2001-2002. As a result, FSA found that under Findings 1 and 3, MacCormac College had to repay ED $632,267, of which $564,233 represented the improper expenditure or receipt of Title IV, HEA Program funds and $68,034 represented interest. In addition, FSA found that under Finding 4, MacCormac College had to repay $1,940 to a lender under the Federal Family Education Loan Program on behalf of a student identified as Student #15 in FSA's June 23, 2003 final program review determination.

B. MacCormac College agrees to pay ED $600,000 representing $564,233 in improper expenditures or receipt of Title IV, HEA Program funds under Findings 1 and 3 of FSA's June 23, 2003 final

**Exhibit D**

program review determination, plus $35,767 of interest.
MacCormac College agrees to pay this amount in accordance with
the attached repayment schedule. MacCormac College also agrees
to pay $1,940 to a lender under the Federal Family Education Loan
lender on behalf of a student identified as Student #15 in FSA's
June 23, 2003 final program review determination.

C. ED agrees to accept MacCormac College's payment of
$600,000 and payment of $1,940 to a lender under the Federal
Family Education Loan lender on behalf of a student identified as
Student #15 as payment in full for the asserted outstanding
unpaid liabilities arising from FSA's June 23, 2003 final program
review determination.

D. Upon receipt of an executed copy of this Agreement, an
executed copy of the Repayment Agreement, and evidence of payment
of $1,940 to the lender under the Federal Family Education Loan
lender on behalf of a student identified as Student #15, ED
agrees to submit to the hearing official a joint motion under
which the parties jointly move to dismiss with prejudice the
proceeding In the Matter of MacCormac College, Docket No. 03-79-
SP. MacCormac College agrees to send the executed copy of this
Agreement, Repayment Agreement, and evidence of the loan payment
to the following address:

    Stephen M. Kraut
    Office of the General Counsel
    United States Department of Education
    Room 6C135
    400 Maryland Avenue S.W.
    Washington, D.C. 20202

-2-

It

A.   Each party agrees to pay its own costs with regard to MacCormac College's appeal of FSA's June 23, 2003 final program review determination.

B.   MacCormac College and ED each agree that this Agreement does not constitute an admission of wrongdoing by either party.

C.   This Agreement settles all liabilities raised in the above-referenced final program review determination.  However, by this Agreement, ED does not waive compliance by MacCormac College with any Federal or State law or regulation, past, present, or future, applicable to MacCormac College's administration of the student financial assistance programs authorized under Title IV of the Higher Education Act of 1965, as amended.

D.   MacCormac College agrees that this Agreement does not waive, compromise, restrict, or settle:

1.   Any past, present, or future violation of the criminal laws of the United States, or civil fraud against the United States.

2.   Any presently pending or future action taken by the United States under the criminal laws or civil fraud laws of the United States.

E.   MacCormac College and ED each warrant that the undersigned representative is authorized to sign this Agreement

-3-

on its behalf.

Dated: October 31, 2003

Leo Loughead, President
MacCormac College
For MacCormac College

Dated: October 23, 2003

Mary E. Gust
Director, Administrative Actions
and Appeals Division
For the United States Department
of Education

-4-

Page 1 of 2





## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): MacCormac College, Inc.**

County of Residence: Cook County

Plaintiff's Atty: Shayle P. Fox
Holland & Knight LLP
131 S. Dearborn, 30th Floor,
Chicago, IL 60603
(312) 263-3600

**Defendant(s):Philadelphia Indemnity Insurance Company**

County of Residence:

Defendant's Atty:

JUDGE MANNING

**04C 2359**

MAGISTRATE JUDGE DENLOW

II. <u>Basis</u> of Jurisdiction:     **4. Diversity (complete item III)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
    Plaintiff:- 4 IL corp or Principal place of Bus. in IL
    Defendant:- 5 Non IL corp and Principal place of Business outside IL

IV. Origin :     **1. Original Proceeding**

V. Nature of Suit:     **110 Insurance**

VI.Cause of Action:     **This declaratory judgment action is being brought pursuant to 28 U.S.C. Section 1332. This case invovles the plaintiff's claim seeking a declaration that it is entitled to insurance coverage for a $601,940.00 loss the plaintiff has incurred for which the defendant refuses to provide coverage.**

VII. Requested in Complaint
    Class Action:**No**
    Dollar Demand:**declaration that the insurer is obligated to accept the plaintiff's tender of indemnity to cover a $601,940.00 loss suffered by the plaintiff**
    Jury Demand:**No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____  3/30/04

3/30/2004

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ED-7
FILING

In the Matter of

MacCormac College, Inc. ,
    v.
Philadelphia Indemnity
Insurance Company,

Plaintiff,

Defendant.

04 MAR 31 AM 10: 54

CLERK
U.S. DISTRICT COURT

Case Number

**JUDGE MANNING**

## 04C 2359

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**MAGISTRATE JUDGE DENLOW**

Plaintiff, MacCormac College, Inc.

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Shayle P. Fox | NAME: James T. Mueller |
| FIRM: Holland & Knight LLP | FIRM: Holland & Knight LLP |
| STREET ADDRESS: 131 South Dearborn Street, 30th Fl. | STREET ADDRESS: 131 South Dearborn Street, 30th Fl. |
| CITY/STATE/ZIP: Chicago, Illinois 60603 | CITY/STATE/ZIP: Chicago, Illinois 60603 |
| TELEPHONE NUMBER: (312) 578-6536    FAX NUMBER: (312) 578-6666 | TELEPHONE NUMBER: (312) 578-6575    FAX NUMBER: (312) 578-6666 |
| E-MAIL ADDRESS: shayle.fox@hklaw.com | E-MAIL ADDRESS: jim.mueller @hklaw.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 0857785 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6226986 |
| MEMBER OF TRIAL BAR?   YES ☑   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☑ |
| TRIAL ATTORNEY?   YES ☑   NO ☐ | TRIAL ATTORNEY?   YES ☐   NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER    FAX NUMBER | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☐ |
| TRIAL ATTORNEY?   YES ☐   NO ☐ | TRIAL ATTORNEY?   YES ☐   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |